JUDGE ROBERTSON
delivered the opinion oe the court:
The appellee, a citizen of Pendleton county, about sixty-five years old, took passage on the appellant’s train of passenger cars, from Cynthiana to Livingood station, near his residence. Before reaching the station, the speed of the train was reduced to a slow pace until the front car reached the platform, when the appellee, who was in the middle car, got out, and, standing on the lower step of the car and holding to the iron railing, he either fell or was thrown off and hurt by a cut about four inches long on the front scalp of his head, and also by sudden concussion, of which he soon recovered, without any other serious damage to his person or in loss of time.
This action was brought by the appellee to recover damages for that alleged injury, charged as resulting from the negligence of the appellant’s operating agents ; and the jury, on a full issue, assessed his damages at two thousand dollars, for which the court, overruling a motion for a new trial, rendered judgment.
*595 We may assume, from the evidence, that, while the appellee was on the step of the car, the brakesman, to force the car up to the platform of about one hundred and thirty feet length, raised the break, and thereby caused a jerk in the motion of the car; but whether that sudden motion threw the appellee off, or whether he prematurely stepped off before the car ceased to move, or whether it was there stopped at all, cannot be certainly determined from the testimony, in which there is some contrariety in respect to each of these questions. But there can be no rational doubt that, whether the train was entirely stopped or not, the conductor stepped on the platform, and a passenger got from it into one of the cars.
Nor does it appear, with judicial certainty, whether the raising of the brake was necessary or prudent, or was unskillful or negligent. It was the peculiar province of the jury to weigh the conflicting testimony, and decide on ail the facts. But however the jury may have been allowed to decide them, they did not authorize a punitive verdict.
There being no proof of gross negligence or wanton recklessness, the assessment ought to be compensatory or indemnifying only. This is not a case for “ smart money.''' But, without discussing the amount of the verdict, we must reverse the judgment for error in instructing the jury.
The law applicable to the facts may be defined in the following condensed form:
1. If the damage to the appellee resulted solely from the negligence of the appellant’s agents, it is liable for compensatory damages.
2. If it resulted solely from the negligence or temerity of the appellee himself, he is entitled to nothing.
*596 3. If it was a compound result of negligence on both sides, then, as the appellee’s own fault was contributory to it, he can recover nothing, unless the managing agents saw his perilous condition, and might, by ordinary diligence, have prevented his fall.
The instructions do not sufficiently conform to this standard. After overruling instructions asked by each party the court, sua sponte, gave three instructions, the first and second of which are substantially correlatives; and the second being but the converse of the first, will not be quoted, as it is not complained of.
The first instruction told the jury, that if the damage resulted from the negligence or unskillfulness of the appellant’s agents, “ without the fault of the appellee,” they should assess such damages as the appellee had sustained ; and, by the third, the jury was instructed that it was the appellant’s “ duty to use such care as will secure the safety of passengers in their life or limb.”
As the first instruction did not define “ fault,” as applicable to the testimony, the jury may have been misled by that instruction; and as there was no dispute about the appellee’s conduct in standing on the steps of the car, the jury ought to have inferred that the court did not consider that as his “fault,” for otherwise the hypothesis of “ fault” was idle and misleading, and the result might indicate that the jury was actually thus misled. This instruction was, therefore, erroneous.
The third instruction was equally misleading and erroneous. It authorized the jury to infer, that whatever may have been the conduct of the appellee, it was the appellant’s duty to secure him from harm, or, in other words, that it is the insurer of the passengers, which is certainly not the law.
Wherefore, for the errors suggested, the judgment is reversed, and the cause remanded for a new trial.