KENTUCKY CENTRAL RAILROAD COMPANY *v.* SAMUEL DILLS.

**Damages—Punitive Damages.**

Where the evidence does not show a willful wrong or wanton reck-
lessness on the part of those in charge of the train which injured
plaintiff, it was error to give an instruction authorizing a finding of
punitive damages.

APPEAL FROM BRACKEN CIRCUIT COURT.

February 13, 1874.

OPINION BY JUDGE HARDIN:

This is the second appeal prosecuted to this court from a judg-
ment in favor of the appellee for damages for personal injuries al-
leged to have been sustained by him by being thrown from the ap-
pellant's train of cars in consequence of "the carelessness and negli-
gence" of the appellant's agents conducting and controlling the
train; the first judgment, which was reversed by this court in an
opinion reported in 4 Bush 593, being for $2,000, and that rendered
on the last trial and now before us for revision being for $1,000.

The state of facts developed on the last trial, though not entirely
identical with that which was disclosed by the evidence heard on the
first trial, is not so essentially variant from it as to render it impor-
tant to here further recite the facts that are given by reference to
the opinion in 4 Bush, supra, as preliminary to considering the
action of the court in instructing the jury, which is complained of
as erroneous, and relied upon for a reversal of the judgment.

It is said in the former opinion that "There being no proof of
gross negligence or wanton recklessness, the assessment ought to be
compensatory or indemnifying only. This is not a case for 'smart
money.'" And the court further defined the law applicable to the
facts as follows:

"1.   If the damage to the appellee resulted solely from the negli-
gence of the appellant's agents, it is liable for compensatory dam-
ages.

"2.   If it resulted solely from the negligence or temerity of the ap-
pellee himself, he is entitled to nothing.

"3.   If it was a compound result of negligence on both sides, then,
as the appellee's own fault was contributory to it, he can recover

nothing, unless the managing agents saw his perilous condition, and might by ordinary diligence have prevented his fall."

Substantially in conformity to the foregoing principles, the defendant, on the last trial, moved the court to give to the jury two instructions, numbered one and two, which, as well as several instructions asked by the plaintiff, the court refused to give, but gave to the jury, *sua sponte*, four instructions as embracing the law of the case.

It is deemed sufficient to here state the third of these instructions only, which is as follows: "If the defendants, managing agents, or servants, or any of them were guilty of gross negligence in the management of their train, whereby the plaintiff sustained the injury complained of, the jury should find for the plaintiff such damages as they shall deem proper, not exceeding $10,000. The defendant, managing agents, or servants are guilty of gross negligence if they saw the plaintiff in a perilous situation on the train, and could, by the exercise of ordinary care and diligence in the management of said train, have saved the plaintiff from said injury, and failed to do so."

As we have already intimated we have failed to perceive in the evidence in this case, any sufficient proof of such willful wrong, wanton recklessness, or intentional neglect on the part of those in charge of the train, as would have sustained a verdict for more than compensatory damages; and if we are right in this version of the evidence, the third instruction above set out, in so far as it authorizes the finding of vindictive or punitive damages, was misleading and erroneously given, however correct it may have been as an abstract proposition of law.

But, for another reason, the giving of the instruction No. 3 was, in our opinion, unauthorized; the allegations of the petition, though sufficient, if true, to authorize a recovery of compensatory damages, do not disclose the essential grounds for awarding vindictive damages, which have been defined to be, "Such as are given against a defendant, who, in addition to the trespass, has been guilty of acts of outrage and wrong which cannot well be measured by compensation in money. 1 Bouvier's Law Dict. 361; *Louisville & Portland R. R. Co. v. Smith*, 2 Duvall 556.

The court in this case should have limited its instructions to the cause of action and defense presented by the pleadings, as well as conformed the same to the evidence adduced on the trial.

Wherefore the judgment is deemed erroneous, and reversed, and the cause remanded for a new trial comformable to this opinion.

*Ransom, Steverson, Myers, for appellant.*

*A. H. Ward, for appellee.*