The Ohio and Mississippi R. W. Co. *v.* Dickerson.

The judgment of the court below is affirmed, at the appellants' costs.

Petition for a rehearing overruled.

| 59 | 317 |
|129 | 409 |

| 59 | 317 |
|154 | 6 |

| 59 | 317 |
|163 | 636 |

THE OHIO AND MISSISSIPPI R. W. CO. *v.* DICKERSON.

CONTINUANCE.—*Absent Witness.*—An affidavit for a continuance.on account of the absence of a witness must show by the facts stated, that there is a reasonable probability that the evidence of such witness can be procured by the time to which the continuance is asked.

INSTRUCTION TO JURY.—Where the substance of an instruction to a jury, asked and refused, is embraced in an instruction given, such refusal is harmless.

SAME.—*Negligence.—Action for Damages.—Measure of.*—In an action to recover damages for physical injuries suffered by the plaintiff through the negligence of the defendant, an instruction asked by the latter to be given to the jury, that compensatory damages in favor of the plaintiff include only "the fair and reasonable expenses of his cure, and the value of his time lost," is erroneous, and should be refused.

SAME.—*Compensatory Damages.*—Compensatory damages, in such case, should include reasonable compensation for the bodily pain and suffering necessarily attending the injury complained of.

RAILROAD.—*Carrying Passenger on Freight Train.*—When a railroad company receives, and undertakes to carry, a passenger upon a freight train, it is bound by all the obligations of a common carrier of passengers upon regular passenger trains; but the passenger accepting such passage assumes the increased risk of travel necessarily incident thereto.

PRACTICE.—*Interrogatory to Jury.*—An objection to the form or substance of an interrogatory put to a jury must be made at the time it is put; and any ruling complained of, upon an interrogatory, must, to be available as error, be excepted to.

DAMAGES.—*Measure of.—Negligence.*—The fact, that the salary of one sustaining physical injury through the negligence of another is continued by his employer during the time he is disabled by such injury, can not mitigate the damages that the injured party may recover in an action therefor.

From the Knox Circuit Court.

*W. E. Niblack* and *W. H. De Wolf*, for appellant.
*C. B. Tulley*, for appellee.

BIDDLE, C. J.—Complaint in three paragraphs by the appellee, against the appellant, as a common carrier of passengers.

The first paragraph alleges negligence in running the train; the second, that the road was unsafe; and the third, negligence and unsafeness of the road also; whereby the appellee, who was a passenger, was injured.

No question is made upon the complaint.

Answer, general denial; trial by jury; verdict and judgment for the appellee.

Without more particularly stating the proceedings, it is sufficient to say that the following questions are presented by the record and discussed by the parties:

1. The first assignment of error is, overruling a motion for a continuance of the cause, on account of the absence of a witness.

The affidavit upon which the motion was founded is too long to set forth in full, but we think it is defective in some necessary particulars. Assuming that the affidavit is sufficient in other respects, we do not think it shows any reasonable probability that the witness could have been obtained by the next term of the court, or indeed by any certain time, if ever. The statement is as follows:

That the witness, "without informing any of the officers of the defendant of his intention to quit the defendant's service, in time to enable the defendant to serve notice upon the plaintiff and take his deposition, to be used on the trial of this cause, suddenly and without any cause whatever left the service of the defendant, merely informing the section foreman, in whose gang he was at the time employed, about two hours before he left, that he intended to go away on the next train, and that he was going to some place in the vicinity of the city of New York" (but did not mention the name of the place), "and that as soon as he arrived at his destination he would inform his said section foreman of the place, in order that his deposition might be taken in this cause; but, as

affiant is informed, up to the present time, no communication has been received from the said Galavan, and for these reasons affiant is unable to state where the said Galavan now is. Affiant further says, that, immediately upon hearing that said Galavan had left the service of the defendant, he caused inquiry to be made among all the friends and acquaintances of the said Galavan, with a view of learning where he went to, and has continued such enquiries to this time; but, so far as affiant has learned, none of said Galavan's friends or acquaintances know where he went, nor where he now is. Affiant further says, that he believes the testimony of said Galavan can be procured by the next term of this court, if this cause is continued."

Laying aside the objections which might be made to this affidavit on account of its loose and general statements, without date as to when the witness went, and when enquiries were instituted to find him, that the court might judge whether due diligence had been used or not, and the statement that the friends and acquaintances of the witness did not know where he went, nor where he was, instead of stating directly that neither the affiant nor the appellant knew where he went and where he was at the time of making the application for a continuance, the affidavit means no more than that the witness was absent at some unknown place, with no means of ascertaining where he was, except his voluntary act in notifying the appellant, which he might never do. This is not sufficient; nor is it sufficient that the affiant states that he believes the testimony of the witness can be procured by the next term of the court, when the facts stated do not reasonably warrant such a belief. The absence of the witness may be the misfortune, without the fault, of the appellant; but, if so, the misfortune can not be cast upon the appellee, and thereby delay his right to a trial. The court did not err in overruling the motion for a continuance.

2. Upon the request of the appellant, the court refused to give the following instruction to the jury:

"If the jury believe, from the evidence, that the defendant and its employees, at and before the time the plaintiff sustained the injuries of which he complains, in and about the condition of its railroad, track, ties and rails, and the soundness and proper repairs thereof at the place of the accident and the injury complained of, did exercise the highest degree of care and skill which prudent, careful and competent men engaged in such business use under similar circumstances, it is the duty of the jury to find for the defendant."

In view of the instructions given by the court to the jury, which we shall hereafter notice in this opinion, we think this instruction was properly refused.

3. The court refused to give the following instruction to the jury:

"If the jury find for the plaintiff, they will find compensatory damages only, which means the fair and reasonable expenses of his cure, and the value of his time lost; and the burden of proof is upon the plaintiff to establish by evidence the extent and amount of such damages."

This instruction was properly refused. Compensatory damages include reasonable compensation for the bodily pain and suffering necessarily attending the injury complained of; this the instruction ignores. Upon this point the appellant cites the following cases, but we do not think they sustain its views: *Kentucky Central R. R. Co.* v. *Dills*, 4 Bush, 593; *Seymour* v. *Chicago, Burlington and Quincy R. W. Co.*, 3 Bissell, 43; *Kennedy* v. *North Missouri R. R. Co.*, 36 Mo. 351; *Stoneseifer* v. *Sheble*, 31 Mo. 243; *New Orleans, Jackson and Great Northern R. R. Co.* v. *Statham*, 42 Miss. 607. The appellant also cites the case of *The Pennsylvania R. R. Co.* v. *Books*, 57 Pa. State, 339, which, as it seems to us, supports the

views of the court below.   See, also, the case of *Wright* v. *Compton*, 53 Ind. 337.

The court, of its own motion, instructed the jury as follows:

" The company is not an insurer of the absolute safety of the passenger, as it is of goods which it undertakes to carry.   It does, however, in legal contemplation, undertake to exercise the highest degree of care to secure the safety of the passenger, and is responsible for the slightest neglect resulting in injury to the passenger; and this care applies alike to the safe and proper construction and equipment of the road, the employment of skilful and prudent operatives, and the faithful performance by them of their respective duties.   On the other hand, the law exacts of the passenger, that, while travelling on the train, he exercise ordinary care and caution, to avoid the injuries incident to that mode of travel.   In legal contemplation, he expects to take, and does take upon himself the hazards of such danger as may occur to him without any want of care or diligence on the part of the company and its operatives.   A railroad company is under no legal obligation to transport passengers on its freight trains.   The company confines its carriage of passengers to regular passenger trains, and its carriage of goods to its freight trains.   But, when the company assumes to carry passengers upon its freight trains, it is not bound to furnish to the passengers the same comforts and conveniences which are enjoyed on a regular passenger coach; but, whether a railroad company undertakes to convey its passengers on a freight or passenger train, in a caboose or well-cushioned chairs, its duty is so to run and manage the train that passengers shall not, by its own carelessness, be killed or injured.   On the other hand, when a person becomes a passenger on a freight train, he is presumed to know the manner in which such trains are ordinarily operated, and to assume any addi-

tional risk, aside from negligence of the company, to which he may be exposed in consequence of his riding on a freight train."

This instruction substantially states the law governing the case, and covers the ground of the instruction which was refused. But the appellant insists, as the evidence shows that the appellee took passage in the caboose of a freight train, that the appellant was not bound to the highest degree of care in maintaining, equipping and operating the road, and cites in support of his views the case of *The Indianapolis, Bloomington and Western R. W. Co.* v. *Beaver*, 41 Ind. 493. The authority scarcely supports the views of the appellant. This court, in that case, says: "The company were carrying passengers on the train and in the caboose in which the appellee was riding. It was to some extent a passenger train. It was one upon which they carried for hire all who chose to ride. They were bound to use such safeguards for the protection of their passengers as science and art had devised, and such as experience had proved to be efficacious in accomplishing their object on such a train. Nor was slight care sufficient. They were bound to employ all the means reasonably in their power to prevent accidents and protect their passengers."

The court also quotes with approbation, from the case of *The Chicago, etc., R. R. Co.* v. *Hazzard*, 26 Ill. 373, as follows: "The employees are held to as strict accountability in the management of a train with a caboose attached, as the law imposes in the transportation of passengers in cars specially provided for such purpose."

In England, where passenger trains are divided into three classes, first, second and third, running at different degrees of speed, having a different style of equipments, and different grades of accommodation, and charging different rates of fare, we find no distinction in the liability of the carrier to the passenger, whether he rides upon the second, third, or first class of cars. In each class of cases,

the carrier is bound to the highest degree of care for his passenger; and in case of any negligence on his part, whereby the passenger, who is not himself at fault, is injured, the carrier will be liable. It is true, that a passenger who takes passage in the caboose of a freight train takes it with increased risks, diminished speed and inferior accommodations, when compared with a first-class car upon a regular passenger train, yet no diminution in the duty of the carrier is allowed, whichever of these may be the means of carrying.

A railroad company is not bound as a public duty to receive and carry passengers in the caboose of a freight train, but, if it does so receive and undertake to carry them, it will be bound by all the obligations of a common carrier of passengers upon a regular passenger train. 2 Redf. Railw. 216–234, and notes; *The St. Louis and S. E. R. W. Co.* v. *Valirius*, 56 Ind. 511; *The Indianapolis, Bloomington and Western R. W. Co.* v. *Beaver*, 41 Ind. 493; *The Chicago, Burlington and Quincy R. R. Co.* v. *Hazzard*, 26 Ill. 373; *Galena and Chicago U. R. R. Co.* v. *Fay*, 16 Ill. 558; *The Chicago and Alton R. R. Co.* v. *Flagg*, 43 Ill. 364; *Illinois Central R. R. Co.* v. *Sutton*, 53 Ill. 397; *Dunn* v. *Grand Trunk R. W. Co.*, 58 Me. 187; *Edgerton* v. *The N. Y. & Harlem R. R. Co.*, 39 N. Y. 227; *Hazard* v. *Chicago, Burlington & Quincy R. R. Co.*, 1 Bissell, 503.

5. The court, on appellee's motion, submitted certain interrogatories to the jury, touching a guard rail, to be answered with a general verdict, and which were answered by the jury. Of this the appellant complains, but we can not discover that the interrogatories were objected to at the time they were submitted, nor the ruling upon them excepted to at any time. There is nothing upon the subject, therefore, for us to consider.

6. That the verdict is not sustained by the evidence is also an objection urged against the judgment below. It

is very clear to our minds, that the verdict should have been for the appellee; but,

7. It is insisted, that the damages are excessive; and the principal argument in support of this alleged error is, that the salary of the appellee, as the agent of a sewing machine company, went on during the time he was disabled by the alleged injury, without abatement. This forms no ground for the reduction of the damages. In such cases, damages are assessed according to uniform principles, and are not to be affected by the mere accidental business relations of the party injured. The liberality of his employer forms no reason why the appellee should not be compensated for the injury he sustained. While the amount of the damages recovered seems to us to be large, yet, as an appellate court, we cannot say, that it is so excessive as to authorize us to disturb the verdict for that reason.

The judgment is affirmed, with costs.

Note.—Niblack, J., having been of counsel in the above cause, did not participate in its decision.