## Galesburg Electric Motor & Power Co. v. Ames A. Barlow.

1.   INSTRUCTIONS — *Erroneous When Meaningless.* — In an action against a street car company for personal injuries, an instruction which tells the jury "that it is peculiarly their province to determine from all the evidence before them, whether the plaintiff was in the exercise of ordinary care under all the circumstances, and if the evidence shows that plaintiff had but a short time in which to determine as to what was best to be done, and had no time in which to deliberate as to the question of danger to himself, and that he was, as an ordinary and commonly prudent man, endeavoring to save his property from destruction, in short, to determine from all the evidence whether or not the plaintiff acted and did as an ordinarily prudent man might reasonably be expected to have acted and done under the circumstances," is incomplete and meaningless, and is erroneous, as apparently seeking to determine the question of ordinary care on the part of the person injured solely by the length of time he had to deliberate as to the danger of his surroundings, leaving out altogether the question as to whether he was himself guilty of negligence under the circumstances of the case.

2.   SAME — *Permitting the Jury to Give Such Damages as They Think the Plaintiff Ought to Recover, Regardless of All Legal Rules Governing the Measure of Damages.* — In an action for personal injuries, an instruction which permits the jury to give the plaintiff such damages as they think he ought to recover, regardless of all legal rules governing the

Galesburg Electric Motor & Power Co. v. Barlow.

measure of damages, is erroneous, as giving the jury the privilege of awarding vindictive damages, which are improper under the declaration in this case.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Knox County; the Hon. George W. Thompson, Judge, presiding. Heard in this court at the April term, 1901. Reversed and remanded. Opinion filed October 8, 1901.

Cooke & Stevens, attorneys for appellant.

J. A. McKenzie, attorney for appellee.

Mr. Justice Higbee delivered the opinion of the court.

On October 22, 1900, appellee, who is a house mover, was engaged in moving a house on Monmouth Boulevard in the city of Galesburg. In carrying on his work he used a steel cable which was stretched from the south side of the street, where it was attached to the house being moved, to the north side, where it passed through a pulley attached to a telegraph pole, and from thence east on the north side of the street some 250 feet to a capstan. At the time in question appellant was operating street cars on said street and the cable necessarily passed across the street car tracks. Street cars passed the point in question every fifteen minutes. Appellee notified the president of the company of what he was doing and it was arranged between them that appellee was to cause his cable to be unhooked from the house and removed from the tracks whenever a car came along. This arrangement worked satisfactorily until about five o'clock in the afternoon. At that time appellee, with two of his three assistants, was under the house adjusting some of the moving apparatus when he was notified that a car was coming. He immediately went out and saw the car coming about 250 feet away. The motorman was talking to the conductor, with his face turned away from the direction in which the car was going. Appellee and his third assistant, who was at work at the capstan, tried to attract the attention of the motorman by waving their hands and shouting to him, without avail. As the car approached nearer appellee took hold of the cable and shook it

up and down in a further attempt to attract the attention of the motorman but the car came on rapidly and when it was within eight feet, appellee, to save his cable, threw it up so that the front end of the car struck it. The cable was thrown violently against appellee, forcing him against some stone steps near by, the result being that his leg was broken and he was otherwise injured. He brought suit against appellant and recovered a verdict and judgment for $750.

This judgment must be reversed for errors in certain instructions given for appellee, and as a new trial will be necessary, we shall not here consider the evidence or its effect. Instruction No. 3 given for appellee was as follows:

"The jury are instructed that it is peculiarly their province to determine from all the evidence before them, whether the plaintiff was in the exercise of ordinary care under all the circumstances, and the jury are instructed that if the evidence shows that plaintiff had but a short time in which to determine as to what was best to be done, that he had no time in which to deliberate as to the question of danger to himself, that he was, as an ordinary and commonly prudent man, endeavoring to save his property from destruction, in short, to determine from all the evidence whether or not the plaintiff acted and did as an ordinarily prudent man might reasonably be expected to have acted and done under the circumstances."

This instruction is incomplete, and it is evident that something was intended to be added to it. As it now reads it is in a measure meaningless. It, however, evidently intends to call attention to a particular part of the evidence, by way of argument, to the jury, as to the manner in which the question of ordinary care on the part of appellee was to be determined. It also apparently seeks to determine the question of ordinary care on the part of appellee solely by the length of time he had to deliberate as to the danger of his surroundings, leaving out altogether the question as to whether appellee was guilty of negligence in stretching his cable across the street or in his manner of operating it.

Instruction No. 5 given for appellee purports to state the rule governing the measure of damages applicable to

the case. It concludes in the following manner: "In short, you should give just such damages as from the evidence you believe plaintiff ought to recover." This sentence of the instruction permitted the jury to give appellee such damages as they thought he ought to recover, regardless of all legal rules governing the same.

It also gave the jury the privilege, if they so desired, of awarding vindictive or punitive damages to appellee, which was improper under the declaration in this case. The form of instruction here used has been frequently condemned by our courts. Keightlinger v. Egan, 65 Ill. 235; Waldron v. Marcier, 82 Ill. 550; I. C. R. R. Co. v. Creighton, 53 Ill. App. 45; La Porte v. Wallace, 89 Ill. App. 517.

For the reasons stated the judgment of the court below will be reversed and the cause remanded.