Galesburg Electric Motor & Power Co. v. Barlow.

---

## Galesburg Electric Motor and Power Co. v. Ames A. Barlow.

1. NEGLIGENCE—*Degree of Care Required When Acting in an Emergency.*—When a party is called upon to act suddenly and in an emergency, the law does not require that degree of care or caution which time for deliberation might afford.

2. APPELLATE COURT PRACTICE—*Assignments of Error Not Argued Are Waived.*—Assignments of error not argued in this court will be considered as waived.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Knox County; the Hon. JOHN A. GRAY, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

COOKE & STEVENS, attorneys for appellant.

WILLIAMS, LAWRENCE & WELSH, attorneys for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This case is before us a second time. The former opinion is reported in 98 Ill. App. 334. Appellant was operating an electric street railroad in Galesburg. Appellee was engaged in the house moving business in that city. On October 22, 1900, he was moving a house in a public street across appellant's road by means of the usual appliances of planks, rollers, a cable and capstan operated by horse power. An arrangement was entered into between appellant and appellee by which the former would slow down or stop its cars upon approaching the locality of the house, thus enabling appellee to release and remove the cable till the car passed, when the work would proceed till the approach of the next car when the operation would be repeated. The work was pursued in this manner till about five o'clock in the afternoon. At that time appellee with one of his employes was working at the capstan and other men were at work under the building, when a car in charge of a new crew approached. The motorman was talking with the conductor, with his face turned away from the direction in which the car was moving. Appellee, with others, tried to attract the attention of the motorman by waiving their hands and shouting, but without avail. As the car came nearer appellee took hold of the cable in a further attempt to attract the attention of the motorman. While thus engaged, the car, which was running at a high rate of speed, struck the cable, throwing appellee against some stone steps near by and inflicting serious injuries upon him. Upon the first trial he received a judgment for $750, and upon the last for $500.

That appellant was guilty of actionable negligence is manifest. But it is urged that the judgment should be reversed because appellee was guilty of contributory negligence in being in front of the cable and elevating it so the car could strike it and thereby throw him to the ground. There is, however, evidence tending to show that it was agreed between appellee and the president of the appellant

company that the latter would notify the men in charge of the car of the location of the house and to slow down or stop as they approached it. There is also evidence establishing the fact that up to the time of the accident such a course had been pursued by the operators in charge of the cars. Appellee had no knowledge of the change of the crew in charge of this car. He was not expected to act upon the presumption that the motorman was not notified of the condition of affairs there existing. The evidence therefore tended to excuse the conduct of appellee here complained of. Whether appellee was guilty of contributory negligence was a question of fact for the jury. Two juries have determined the issues in his favor. We do not feel warranted in disturbing that conclusion. It must also be borne in mind that he was called upon to act suddenly and in an emergency. Under such circumstances the law does not require that degree of care or caution which time for deliberation might afford.

Some complaint is made of the action of the trial court in passing upon the instructions. We have examined them and find no serious cause of complaint. Some of the instructions if standing alone might be subject to slight criticism, but taken as a series they fully and fairly informed the jury of the law applicable to the case. We find no reversible error in the action of the court in either giving, refusing or modifying the instructions offered.

The assignment of error also challenges the action of the court in passing upon the admission and rejection of testimony. This assignment, however, is not argued by appellant, and is therefore waived. The judgment of the Circuit Court is affirmed.