## V. T. Malott, Receiver, v. Malinda Woods.

1. INSTRUCTIONS—*Not Based upon the Evidence, Erroneous.*—It is improper to instruct the jury that the plaintiff was entitled to recover the expense incurred in and about endeavoring to be cured, if any, where, although a physician was called to attend her, he testified that he did not make any charge upon his books, and it does not appear from the proofs either that he was paid for his services or that he intended to make any charge for the same.

2. SAME—*That Plaintiff Could Recover for Humiliation and Indignity Endured in Being Ejected from Train, When Erroneous.*—It is error to instruct the jury that plaintiff could recover damages for the humiliation and indignity to which she was exposed, if any was shown by the evidence, by being required to leave the train at a station short of her destination, in the absence of proof of any actual malice or wantonness manifested against plaintiff by the conductor in requiring her to leave the train.

3. SAME—*Erroneous Instruction as to Damages Where Actual Damages Only Are Recoverable.*—An instruction which tells the jury that in case they find defendant guilty they shall fix the damages at such an

amount as from a preponderance of the evidence they believe the plaintiff is entitled to recover, not exceeding the amount laid in the declaration, is erroneous, where only actual damages, if any, can be recovered.

4. JUDGMENTS—*Proper Form, When Against Receiver as Such.*—A judgment against a receiver as such, should be rendered against him as receiver, and made payable out of the funds held by him in that capacity, in due course of the administration of his receivership.

**Trespass on the Case**, for being ejected from a train. Error to the Circuit Court of Effingham County; the Hon. WILLIAM M. FARMER, Judge presiding. Heard in this court at the February term, 1903. Reversed and remanded. Opinion filed September 10, 1903.

WOOD BROTHERS, attorneys for plaintiffs in error; T. J. GOLDEN, of counsel.

R. C. HARRAH and S. F. GILMORE, attorneys for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit by defendant in error, to recover damages for injuries alleged to have been sustained by her by reason of having been compelled to leave a train of plaintiff in error, by the conductor thereof, at a distance of some eight or nine miles from Effingham, her destination. Mrs. Woods, the defendant in error, testified that on the afternoon of September 22, 1900, she went to the ticket office of plaintiff in error, to ascertain if she could get a ticket to Springfield and return, good during the state fair, and was informed that she could; that on the next day, Sunday, about three o'clock A. M., she went to the station to take the train and again asked the same question and received an affirmative reply from the agent, who was not the same person she had talked to in the office the day before; that she then asked if she could stop off at Edinburgh and was told by the agent that she could not, but that he could sell her a ticket to Altamont and back, good for the fair, and that she could probably get a stop-over ticket there; that she told the agent she would take two tickets to Altamont, one for herself and one for

her daughter about fourteen years old, good for the state
fair at Springfield; that he thereupon gave her two tickets
upon which she and her daughter went to Altamont; that
on her return, six days later, the conductor refused to
honor the tickets purchased by her; that she had no
money to pay her fare and he compelled her to leave the
train at Dexter, a small station, at about eleven o'clock
A. M.; that she had to walk to Funkhouser, a distance of
some four miles, carrying her baby four months old, and a
basket; that the day was very hot and when she reached
Funkhouser, she was completely exhausted; that she re-
mained at Funkhouser over night and was brought home
in a wagon the next day; that when she reached home, she
was sick as the result of the fatigue and prostration caused
by the walk and that she had to receive medical treatment
for several months. Mrs. Woods was corroborated in all
substantial particulars by the testimony of her daughter,
Mabel Woods.

The tickets sold to Mrs. Woods were regular Sunday
excursion tickets, one fare for the round trip, and were
good only for the day upon which they were issued. At
that time there were no tickets for sale to Altamont and
return good for the state fair, and the agent who sold Mrs.
Woods the ticket denied he told her he could sell her such
tickets.

Upon the trial there was a verdict and judgment in favor
of appellee for $200.

The second instruction given for the plaintiff below, was
as follows :

" If you find defendant guilty, and that plaintiff has sus-
tained damages, it is your duty to consider whether the pre-
ponderance of the evidence shows the plaintiff suffered
and endured any bodily pain and sickness occasioned by
being required to leave the defendant's train, if the evi-
dence shows she was required to leave it; also the loss
of time, if any, and expense incurred in and about endeav-
oring to be cured, if any; also for the humiliation and
indignity to which she was exposed, if any is shown by the
evidence, by being required to leave the train as charged
in the declaration, and fix the amount, as from a prepon-

derance of the evidence you believe she is entitled to recover, not exceeding the amount laid in the declaration."

It was improper to instruct the jury that the plaintiff was entitled to recover the expense incurred in and about endeavoring to be cured, if any, as, although a physician was called to attend her, he testified that he did not make any charge upon his books, and it does not appear from the proofs, either, that he was paid for his services or that he intended to make any charge for the same.

We are also of opinion that the court erred in instructing the jury that defendant in error could recover damages for the humiliation and indignity to which she was exposed, if any was shown by the evidence, by being required to leave the train.

In the case of Chicago & Alton Railroad Company v. Roberts, 40 Ill. 503, a passenger failing to get off at the station to which he had purchased a ticket, and having refused to pay fare to the next station, was ejected from the car by the conductor, some two miles distant from a regular station, no violence being used, and no injury or special damages being proved, and it was held by the court that while the road must pay nominal damages, under the existing statute, for putting the passenger off between stations, yet the plaintiff was not entitled to recover anything further.

In Illinois Central R. R. Co. v. Sutton, 53 Ill. 397, plaintiff entered the caboose car of a freight train without a ticket, and was told by the conductor that the rules of the company forbade him taking fare, and, as he had no ticket, he must leave the car, which he did, and this not at a regular station of the company. It was said by the Supreme Court in the course of the opinion delivered in the case:

"Here is an absence of anything like willfulness or malice on the part of the conductor, and being so, mental suffering, by which we understand such as is produced by injury to one's reputation, by circumstances of indignity and contumely, under which the injury was done, and the consequent public disgrace to the plaintiff. This case is robbed of everything of this nature, and the only inquiry

for the jury was the bodily injury and such consequential damages as were the necessary result of the injury."

In the present case there was no proof of any actual malice or wantonness manifested against defendant in error by the conductor in requiring her to leave the train. The limit of the ticket which she presented had expired, and so far as it could have appeared to the conductor, she was in the position of a person having no ticket. She refused to pay her fare, and in consequence was required to get off at a regular station. She left the train at the request of the conductor. No indignity appears to have been shown her at the time she alighted, nor was force used or hands placed upon her.

We are further of opinion that the portion of the same instruction which told the jury, in case they found defendant guilty, they should fix the damages at such an amount as from a preponderance of the evidence they believed the plaintiff was entitled to recover, not exceeding the amount laid in the declaration, was erroneous, under the circumstances of this case, where only actual damages, if any, can be recovered. Keightlinger v. Egan, 65 Ill. 235; Waldron v. Marcier, 82 Ill. 550; I. C. R. R. Co. v. Creighton, 53 Ill. App. 45; La Porte v. Wallace, 89 Ill. App. 517; Galesburg Electric M. & P. Co. v. Barlow, 98 Ill. App. 334. The same error was also contained in the first instruction given for defendant in error.

In this case judgment was rendered and execution awarded against the receiver individually. This was error, as the judgment, if warranted, should have been rendered against appellant as receiver, and made payable out of the funds held by him in that capacity, in due course of the administration of his receivership. McNulta v. Ensch, 134 Ill. 46.

For the errors above indicated, the judgment of the court below is reversed and the cause remanded.