## Central Railway Company v. Carrie Ankiewicz.

### Gen. No. 4,359.

1. FORM OF VERDICT—*approved instruction upon.* An instruction as follows: "The court instructs the jury that if you find the issues for the plaintiff, the form of your verdict may be : ' We, the jury, find the defendant guilty and assess the damages at $————,' filling the blank space with whatever amount you may find, if any, writing the same on a separate sheet of paper and signing the same by your foreman,"—is approved, notwithstanding no instructions were given at the instance of either party or by the court upon the measure of damages.

Action on the case for personal injuries. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

I. C. PINKNEY, for appellant.

THOMAS N. HASKINS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The Central Railway Company operated a street car line in the city of Peoria in December, 1900. Carrie Ankiewicz, then twenty years old, was a passenger on one of the company's cars on December 28, 1900. She notified the

conductor she wished to stop at a certain place, and gave him a signal when that place was reached. He rang the bell for the car to stop for her. In alighting from the car she was injured. She brought this suit against the railway company to recover damages for said injuries. To an appropriate declaration, defendant pleaded not guilty. A jury awarded her $2,375. A motion by defendant for a new trial was denied, and plaintiff had judgment on the verdict. Defendant appeals.

Aside from the medical testimony, and evidence verifying a plat and describing the car, the proof was confined to the testimony of plaintiff in her own behalf, and to the testimony of the conductor and of Mrs. Pyle, a passenger, for defendant. Plaintiff testified that the car stopped, the conductor opened the door for her and she passed through it to the rear platform and the conductor closed the door after her, he remaining inside; that as she was on the second step (which defendant's proof showed was twenty-seven inches above the grade of the street) the conductor rang the bell and the car gave a sudden jerk which threw her to the ground and caused the injuries. Mrs. Pyle testified for defendant that plaintiff stepped off the car before it stopped, and then passed from her sight and she did not see plaintiff again, and did not know that she fell; and that after the car stopped the conductor went back, and afterwards got on the car and took Mrs. Pyle's name. The conductor testified he rang the bell to stop the car for plaintiff and she passed to the rear platform and went down the steps, and stepped off the car before it stopped, and fell, and that he went back and helped her up, asked her if she was hurt and if she wanted a doctor and took her name. It is argued that this evidence so clearly preponderates in favor of defendant's claim that plaintiff stepped off before the car stopped, and that the injury was due to her own carelessness, that we should not allow the verdict to stand.

The weight of testimony does not necessarily depend alone upon the number of witnesses. The jury and the trial judge saw the demeanor of these witnesses, and could judge

much better than we can whether defendant's witnesses
were apparently as truthful as plaintiff. But an examina-
tion of the testimony of Mrs. Pyle and the conductor dis-
closes that it is weak in various respects. The conductor
was not able to recognize plaintiff as the woman who
stepped off the car on the occasion about which he testi-
fied. He did not testify what name he received from the
lady whom he so assisted. He was not able to recognize
Mrs. Pyle as the other lady passenger who was in the car at
the time. He did not testify that that lady gave her name
as Mrs. Pyle. His examination showed he was not able
to distinguish very clearly between this accident and some
other circumstance which happened about the same time.
The accident happened December 28, 1900. Mrs. Pyle
testified the circumstance to which she testified occurred
some time in January, but she was not able to tell the
year nor the day of the month nor the day of the week.
She would not testify certainly that plaintiff was the woman
she saw step off the car before it stopped. She said plaintiff
looked something like the lady she saw, but that at the trial,
which was nearly three years after the accident, plaintiff
looked younger than she thought that lady was that morn-
ing, but that she was "about the same built woman, size," etc.
She did not see that the woman of whom she testified fell or
was injured. She testified that the conductor who was
pointed out to her in the court room looked just like the
conductor of the car at the time of which she spoke, and
that she did not witness any other accident down there
along about that time, which meant but little, as she did
not claim to have witnessed any accident on the occasion
about which she testified. She appeared to be disinter-
ested and the conductor was not in the employ of the com-
pany when he testified. There were some other apparent
discrepancies in the testimony of each of these witnesses.
Under all the circumstances we do not feel warranted in
holding that the jury should have decided that the acci-
dent did not happen as plaintiff testified it did. There may
have been that in the manner of Mrs. Pyle and the con-

ductor which added to the uncertainty which the parts of their testimony we have recited was calculated to produce. The trial judge having approved the verdict, we think it must stand.

At plaintiff's request the court gave to the jury the following instruction: "The court instructs the jury that if you find the issues for the plaintiff, the form of your verdict may be: 'We, the jury, find the defendant guilty, and assess the damages at $——,' filling the blank space with whatever amount you may find, if any, writing the same on a separate sheet of paper and signing the same by your foreman." It is argued that telling the jury to fill the blank space " with whatever amount you may find, if any," was equivalent to turning the jury loose to assess plaintiff's damages on whatever basis or theory they saw fit. If such was the effect of the instruction then it was erroneous, as held by us in LaPorte v. Wallace, 89 Ill. App. 517, where we reviewed the Illinois cases upon that subject. To the like effect is the later case of Muren Coal & Ice Co. v. Howell, 204 Ill. 515. But in our judgment this is not an instruction upon the measure of damages, but relates only to the form of the verdict. It is said this would mislead the jury for the reason that there was no instruction upon the measure of damages. There was no such instruction, though one given at defendant's request suggested compensation as the rule. But the law of this state is not, as defendant contends, that the trial judge must see to it that the instructions cover the law of the case, and especially must of his own volition instruct the jury upon the measure of damages. On the contrary, it was held in City of Chicago v. Keefe, 114 Ill. 222, that a party who permits the jury to retire without an instruction upon the measure of damages, cannot afterwards be heard to complain because the court did not instruct as to the law upon that subject. It is a general rule in this state that a party who desires the law upon any particular subject given to the jury should ask an instruction embodying what he conceives the law to be. Drury v. Connell, 177 Ill. 43;  Malott v. Hood, 201 Ill. 202.

In our judgment the mere failure of both parties to ask any instruction upon the measure of damages cannot convert into an instruction on that subject what was obviously intended by the court as a mere direction upon the form of the verdict if the jury found the issues for the plaintiff. But if the law were otherwise, still, as defendant does not contend in its brief and argument that the damages awarded were excessive, no harm was done by a failure to instruct on that subject, or even by the instruction in question, if it were open to the construction defendant seeks to put upon it.

We do not find that the record is erroneous in the respects contended by defendant in its brief and argument. The judgment is therefore affirmed.

*Affirmed.*