## V. T. Malott, Receiver, etc., v. Malinda Woods.

1. EVIDENCE—*when admission of, will not reverse.* Notwithstanding evidence may have been improperly admitted, yet where it tended to prove a fact uncontroverted at the trial, it will not reverse.

2. VERDICT—*when not disturbed.* Where the evidence is conflicting, a verdict will not be disturbed except in a plain case, especially where two juries have passed upon the case and both have found the same way.

Action of trespass on the case. Error to the Circuit Court of Effingham County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

Malott v. Woods.

WOOD BROS. & RICKELMANN, for plaintiff in error; THOMAS J. GOLDEN, of counsel.

R. C. HARRAH and S. F. GILMORE, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Defendant in error claims that on Sunday, September 23, 1900, she bought two excursion tickets of the agent of plaintiff in error at Effingham, one for herself and one for her fourteen year old daughter, good from Effingham to Altamont and return; that the agent told her the tickets would be good during the State Fair at Springfield; that the tickets were purchased about 3 o'clock A. M. and that she did not examine them; that she and her daughter went to Altamont on the tickets and on their return the following Saturday the conductor of plaintiff in error's train refused to carry them upon the tickets, which appeared to be good only for the day on which they were issued; that the conductor demanded fare or a pledge for the same; that she had no money and was compelled by the conductor to leave the train at a small station some distance from her home; that she walked on the track some three and a half miles, carrying her baby, four months old, to a place called Funkhauser, where she had relatives; that the day was warm and she became exhausted; that by reason of her walk she became sick and suffered great bodily pain.

She brought suit against plaintiff in error and recovered a judgment for $200. Plaintiff in error brought the case to this court where the judgment was reversed, and the cause was remanded on account of two errors in the instructions given for the defendant in error and informality in the judgment.. Malott vs. Woods, 109 Ill. App. 512.

The case was again tried in the Circuit Court upon the same pleadings and, as appears from the record, substantially the same evidence, the result being a judgment in favor of defendant in error for $250. Plaintiff in error again brings the case to this court, claiming that the ver-

dict was not sustained by, the evidence; that the damages were excessive; and that the court erred in giving instructions for defendant in error and admitting certain evidence offered by defendant in error. · ·

The principal question in controversy was whether or not the agent of plaintiff in error made a mistake in issuing the tickets purchased by Mrs. Woods. There was evidence tending to show that the agent made such a mistake and also that defendant in error was compelled to leave the train and suffered injuries in consequence thereof. Two juries have found these facts in favor of defendant in error and no satisfactory reason appears from the record why their verdict in this case should be disturbed.

It is a plain case for nominal damages at least and we cannot say that the damages awarded are not warranted by the evidence.

The instructions presented by defendant in error avoided the errors complained of on the former trial and were free from objectionable features. Plaintiff in error complains that the court permitted his station agent at Dexter and his telegraph operator at Effingham, to testify that the conductor told them he had put a lady off ·at Dexter because the time limit on her ticket had expired. Even if this evidence could be said to have been improperly admitted, yet it could not have injured plaintiff in error for the reason that it was uncontroverted that the conductor required Mrs. Woods to leave the train and the reason that he did so was because the time for which her ticket purported to be good had expired.

The judgment of the court below will be affirmed.

*Affirmed.*