## Coburn Swisher, Defendant in Error, v. Myron J. Carpenter, Receiver, Plaintiff in Error.

1. RAILROADS—*when not liable for failure to erect gate closing opening to right of way.* If the party suing for death of cattle alleged to have been caused by the neglect charged, is shown to himself have undertaken to close such opening, he cannot recover in the absence of evidence of notice to the railroad company that the method employed to close such opening was insufficient.

2. JUDGMENTS—*when form immaterial.* If a judgment is in form irregular the irregularity becomes immaterial upon an order of reversal being entered.

Error to the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1911. Reversed with finding of fact. Opinion filed October 20, 1911.

CHARLES TROUP, for plaintiff in error; W. F. PETER, of counsel.

G. W. SALMANS, for defendant in error.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff against defendant, as receiver of the Chicago Southern Railway Company, for damages occasioned by the death of one horse and one mule alleged to have been killed through negligence on the part of the Chicago Southern Railway Company and Myron J. Carpenter, receiver, in failing to properly build and construct a gate or bar along the right of way of the railroad company at an opening left by the railroad company across plaintiff's farm. Trial below resulted in a verdict and judgment against the defendant receiver for $750.

The declaration in this case avers the construction and operation of a railroad across plaintiff's farm and the fencing of the railroad right of way and also the construction of a farm crossing across the railroad right of way for the purpose of giving access by plaintiff to a small part of his farm divided from the main body by reason of the construction of the railroad. The negligence averred and complained of consists in the failure of either the railroad company or the defendant receiver to contruct, build, keep or maintain a gate at this farm crossing.

The record discloses that no gate was ever placed at this farm crossing by the railroad company or the defendant receiver, but that in fencing its right of way a gap was left at the place where a gate or pair of bars should have been constructed. It further discloses that plaintiff herein placed or caused to be placed across this opening strands of wires fastened at one end to a post, the other end of these wires being fastened to a stick or piece of timber, and which when drawn across the opening and this piece of timber attached to the post at the opposite side of the opening formed a barrier or gate for the purpose of keeping plaintiff's horses in the portion of his farm

thus divided from the main body. The record further discloses that plaintiff was in the habit of placing his horses and mules on this portion of the farm during the night to remain there until morning and these strands of wire were provided and placed in position by him for the purpose of keeping his horses and mules from entering upon the right of way of the railroad company. The record does not disclose that the plaintiff in any way demanded or requested that the railroad company or the defendant receiver should provide or furnish any other means than that provided by him for keeping his stock off of the right of way. In the night in question a heavy storm prevailed and by some means undisclosed by the record, the horses and mules upon that portion of plaintiff's land became frightened and in their fright ran against and in some manner broke or released these wires so that the horses and mules were permitted to go upon the track of the railroad of which defendant Carpenter is receiver, and one horse and one mule were killed.

While it was the duty of the railroad company and the defendant receiver to place a gate at this opening, yet when plaintiff placed the wires at the opening, and after having done so, placed his horses and mules in that portion of his farm, he cannot be permitted to hold the railroad company or the defendant receiver liable for failure upon his part to erect a barrier that would properly and reasonably restrain his stock from going upon the right of way of the railroad company, without notice that the gate or barrier so erected by plaintiff is insufficient, and if the stock entered upon the railroad company's right of way and were injured by reason of plaintiff's failure to properly erect and place such barrier at such opening in the railroad company's right of way, the defendant cannot be held liable for such failure on the part of the plaintiff. There is no evidence in the record that the railroad company

or the defendant receiver knew or had any knowledge that plaintiff had erected a wire barrier at this crossing for the purpose of preventing his stock from entering upon this right of way or that they had any knowledge or information that such barrier or wire device was insufficient or defective. Where the plaintiff undertakes to perform the duty imposed on the defendant and does it in an insufficient or negligent manner the defendant is not liable. C. B. & Q. R. R. Co. v. Seirer, 60 Ill. 295; Hoverka v. M. & S. L. R. R. Co., 17 N. W. 376.

It is insisted that the judgment rendered by the court in this cause is erroneous because it is rendered against the defendant receiver without direction that it be paid by him as receiver. While this judgment is defective in form and should have been rendered against the receiver, to be paid by him as such receiver out of the funds held by him, in that capacity, in the due course of his administration (Malott v. Woods, 109 Ill. App. 512; McNulta v. Ensch, 134 Ill. 46), from the conclusion we have reached the error in the form of the judgment is immaterial.

The judgment, in our opinion, is contrary to the law and the evidence, and must be reversed. The clerk will enter in the judgment of this court the finding that the injury was caused by the negligence of the plaintiff.

The judgment is reversed with finding of fact.

*Reversed with finding of fact.*