## Louise Hopkins, Appellee, v. Fred Whelan, Appellant.

### Gen. No. 6,727.

1. DAMAGES, § 200*—*when instruction erroneous.* An instruction, given at the request of the plaintiff, in an action for personal injuries, that if the jury found certain things therein specified, they should find the defendant guilty and assess such damages as they should "believe the plaintiff to be entitled to from the evidence" in the case, is improper.

2. APPEAL AND ERROR, § 1650*—*when erroneous instruction may be cured.* *Semble,* that error in giving an instruction at plaintiff's request which leaves the jury entirely free to impose such damages as they see fit may be cured if the jury are instructed in another of plaintiff's instructions to award plaintiff fair compensation.

3. DAMAGES, § 209*—*when instruction erroneous.* Where, in an action to recover for personal injuries, the declaration charges that plaintiff had been forced to expend a large sum of money in being cured and had been unable to work and follow her usual employment, and there was proof that the coat which she had worn at the time of the accident was badly damaged but no claim was made in the declaration therefor; of the number of times she had been treated by physicians, though none of their charges nor of the reasonable worth of their services; of her having indications of goiter at the time of the trial, but not sufficient medical testimony in that regard; of the wages she was receiving and the length of time that she was absent after the accident, but none, or at most very slight, as to whether this absence was due to the injury; of optical troubles suffered by her after the injury, but no medical or expert proof in that regard, it is error to instruct the jury that if they find defendant guilty they shall assess such damages as they "shall believe the plaintiff to be entitled to from the evidence," and that to assess the damages, it is not necessary that any witness shall have expressed an opinion as to the amount of the damages, but the jury may themselves make such estimate from the evidence, considered in connection with their observation and experience in the affairs of life.

4. NEW TRIAL, § 85*—*waiver of grounds not specified in motion.* One who makes a motion for a new trial and files written points in support thereof, which do not include alleged improper remarks of the court as one of such grounds, waives objection on that ground.

5. APPEAL AND ERROR, § 1561*—*when refusal of instructions harm-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Hopkins v. Whelan, 217 Ill. App. 248.

*less.* The refusal of requested instructions is not ground for reversal where they were embodied in other instructions given at the same party's request.

Appeal from the Circuit Court of Winnebago county; the Hon. Robert K. Welsh, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded. Opinion filed March 9, 1920.

Reynolds & Reckhow, for appellant.

Lathrop, Lathrop & Brown, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

On the evening of December 19, 1917, Louise Hopkins was struck and injured by an automobile owned and driven by Fred Whelan. She brought this suit to recover damages from him for said injuries and had a verdict and a judgment for $2,000, from which defendant appeals.

Plaintiff was a clerk in an office in Rockford, and lived at her father's home in the country. She was returning home at night from her work and had with her a brother returning from school. They rode on a street car to the end of the line, then walked south on the west sidewalk of a street until after they reached the city limits and soon there was a path down towards the central part of the road which they followed. There was a macadam road. In the center was a tar surface, variously estimated at from 18 to 24 feet in width, and on each side of that and somewhat lower was the macadam with sand upon it. This macadam and sand was about 6 feet wide. Plaintiff and her brother were going south. Defendant with his automobile came up behind them. Plaintiff introduced evidence tending to show that she and her brother were each upon the lower level on the sand and macadam, her brother at the west side of that part and she next

to him, and that she was there struck without knowledge that an automobile was approaching. If the jury believed this evidence they could find that defendant was negligent and that plaintiff was in the exercise of due care. Defendant introduced evidence tending to show that he was at all times on the tarred surface, and that just before he reached the place of the injury plaintiff, without looking back, turned east and went upon the tarred surface a few feet in front of his automobile, and that he stopped as soon as he could. If the jury believed this evidence it warranted a finding that defendant was not negligent and that plaintiff was guilty of contributory negligence which should bar a recovery. It was therefore important that the jury should be accurately instructed.

The fifth instruction, given at the request of plaintiff, told the jury that if they found certain things therein specified, they should find the defendant guilty and assess such damages "as you shall believe the plaintiff to be entitled to from the evidence in this case." This instruction has been many times condemned where plaintiff was not entitled to punitive damages, because it not only would authorize punitive damages if the jury thought plaintiff was entitled thereto, but also would turn the jury loose to determine for what damages should be awarded, without any guide from the court. We collected the earlier authorities against such an instruction in *La Porte v. Wallace,* 89 Ill. App. 517. It had since been condemned by the Supreme Court in *Muren Coal & Ice Co. v. Howell,* 204 Ill. 515; *Illinois Cent. R. Co. v. Johnson,* 221 Ill. 42, and *Fowler v. Chicago & E. I. R. Co.,* 234 Ill. 619. It has been condemned by Appellate Courts of the different districts in *Galesburg Elec. Motor & Power Co. v. Barlow,* 98 Ill. App. 334; *Malott v. Woods,* 109 Ill. App. 512; *Chicago, B. & Q. R. Co. v. Kuck,* 112 Ill. App. 620; *Central Ry. Co. v. Ankiewicz,* 115 Ill. App. 380; *Illinois Cent. R. Co. v. Becker,* 119

Ill. App. 221; and *Boggs v. Iowa Cent. Ry. Co.,* 187 Ill. App. 621. In other cases it has been held that where another instruction laid down the true rule of compensation, such other instruction might cure the error in a proper case. *Springfield Consol. Ry. Co. v. Puntenney,* 200 Ill. 9; *Illinois Terminal R. Co. v. Thompson,* 210 Ill. 226; *Fitzgerald v. Benner,* 219 Ill. 485. In this case the seventh instruction, given at the request of plaintiff, directed the jury under the case stated to award fair compensation to plaintiff. Therefore, under the authorities last cited, if the case is otherwise satisfactory, the error may have been cured.

The sixth instruction, given at the request of plaintiff, told the jury that to enable them to estimate the amount of damages sustained by plaintiff as charged in the declaration, it was not necessary that any witness should have expressed an opinion as to the amount of such damages but the jury may themselves make such estimate from the evidence, considered in connection with their observation and experience in the affairs of life. This instruction was good as to physical injury and suffering, and would have been entirely proper if plaintiff's allegations and proof had related only to such injuries. But the declaration in this case charged that plaintiff had been forced to expend a large sum of money in being cured and that she had been unable to work and to follow her usual employment. Such elements of damages are capable of pecuniary measurement and it is necessary that the amounts be proven. As to such allegations and proof this instruction was erroneous. We so held and cited authorities in support thereof in *Harley v. Aurora, E. & C. Ry. Co.,* 149 Ill. App. 339; and *Moore v. Aurora, E. & C. Ry. Co.,* 150 Ill. App. 484. See *Steeve v. Smith,* 153 Ill. App. 630; *Krakowski v. Aurora, E. & C. Ry. Co.,* 167 Ill. App. 469; *Lyman v. Chicago City Ry. Co.,* 176 Ill. App. 27; *Hatcher v. Quincy Horse Railway & Carrying Co.,* 181 Ill. App. 30; *Barton v.*

*Southwick,* 185 Ill. App. 24. There was proof that a fur coat or cloak, worn by plaintiff, was very badly torn and practically destroyed. It was proper to permit it to be described in the evidence because it tended to show the severity of the injuries inflicted upon plaintiff, but the declaration did not claim any damages for injury to clothing and there could be no recovery for the injury to that garment. Yet when the jury were told that they could estimate the damages from the facts in connection with their observation as men and that they should give plaintiff such damages as they believed she was entitled to from the evidence, the jury might well believe that they were authorized and required to allow her reasonable compensation for the destruction of that garment. The declaration claimed a recovery for what she had expended in being cured. She was first attended by Dr. Green, who was in France at the trial. There was proof of the number of times Dr. Green attended her on the farm at her father's home and the number of times she had been treated by him at his office, but no proof what she was charged or what she paid for such services nor what they were reasonably worth. The jury were authorized by instructions 5 and 6 to form a judgment of their own as to the value of those services and to include them in their verdict. Plaintiff testified that at the time of the trial she had indications of what she supposed to be a goiter, and there was very slight medical testimony by an osteopath that this might have been caused by this accident. The jury may have allowed plaintiff compensation for that under these instructions, although we think the evidence insufficient. Plaintiff proved what wages she was receiving for work at the time of the injury, and gave the date many months later when she went back to work. The evidence that her long absence from work was due to this injury is very slight and seems to have been excluded and there are no cross errors on that subject. With

that evidence out of the record there was no sufficient proof to justify the jury in allowing her wages for all that period of time, and yet under these instructions the jury may have felt at liberty to do so. Plaintiff testified that since she went back to work she sometimes had specks floating before her eyes. There was no medical or expert proof that this could have been attributed to her injury, and yet the jury under these instructions may have allowed her therefor.

Defendant complains of remarks by the court in ruling on the evidence. He made a motion for a new trial and filed written points in support thereof and did not include improper remarks by the court as one of the grounds for which he asked a new trial. He therefore waived that objection. *Yarber v. Chicago & A. Ry. Co.,* 235 Ill. 589, on p. 602. Counsel for appellee frequently interrogated defendant on cross-examination as to whether he was arrested that night. The court sustained objections to these questions, but they were persisted in. We suggest that it would be wise not to repeat that cross-examination in another trial, if the proof is the same as at the first trial. We find no other error in the rulings of the court, inasmuch as the instructions requested by defendant and refused, of which complaint is made, were embodied in other instructions given at defendant's request.

For the reasons above stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*