## Village of Chatsworth v. Eliza Rowe.

1. INSTRUCTIONS—*Not Based upon Evidence, Erroneous.*—An instruction which tells the jury that the plaintiff may recover damages arising from an accident, consisting of "money expended and for which he is liable, if any, in attempting to be cured of such injury so arising," when there is no evidence in the record that he had ever expended any such money, or was liable for any such purpose, is erroneous, as misleading.

2. SAME—*Specific Proof as to Damages.*—An instruction which tells the jury that it was not necessary for appellee to make "specific proof" of the amount of damages, if any, arising from an injury, when, in fact, it was necessary to make such proof as to the services in attempting to be cured of the injury, is erroneous as misleading.

3. EXEMPLARY DAMAGES—*Not Proper, When.*—There can be no exemplary damages allowed in actions for personal injuries, and compensation for pain and suffering ought to be regulated by sound reason.

Memorandum.—Action for personal injuries. Appeal from the Circuit Court of Livingston County; the Hon. ALFRED SAMPLE, Judge, presiding. Heard in this court at the December term, 1893. Reversed and remanded. Opinion filed May 22, 1894.

The opinion states the case.

APPELLANT'S BRIEF, C. C. STRAWN AND A. C. NORTON, ATTORNEYS.

No amount was proved as having been expended, or liability incurred for, in attempting to be cured, and no proof was made of past or present earnings upon the basis of which future losses by reason of being deprived of the power to labor and earn money could be computed, and the case not admitting of exemplary damages, there could be no verdict for any such damages. Cochrane v. Tuttle, 75 Ill. 361; Pittsburg, C. & St. L. Ry. Co. v. Dewin, 86 Ill. 296; Smith v. Houston, 25 Ark. 183; De Briar v. Minturn, 1 Cal. 450; Oakley Mills Mfg. Co. v. Neese, 54 Ga. 459.

In view of the tenth instruction given for the plaintiff, the inevitable conclusion is that the jury assumed that they had a right to fix the damages in an exemplary way at such sum as they pleased, and no actual damages in amount having been proved, the result was that the verdict exceeded the amount of actual damages. Toledo, P. & W. Ry. Co. v. Patterson, 63 Ill. 304; Farwell v. Warren, 70 Ill. 28; Becker v. Dupree, 75 Ill. 167; Hays v. Parmlee, 79 Ill. 563.

G. W. PATTON and GEO. TORRANCE, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action on the case by appellee against appellant, charging it with negligently allowing its sidewalk to be and remain in an unsafe condition, and divers of its planks thereof to remain unfastened, whereby the appellee, while in the exercise of care, tripped and stumbled upon and against one of the unfastened planks, and was thereby thrown upon the said sidewalk and thereby bruised and injured her left hip, whereby she incurred an expense of $500 in endeavoring to be healed.

Other counts in the declaration stated the cause of the injury in slightly different form and averred as result thereof, that appellee had suffered great pain and had lost the use of her limb and is unable to pursue her ordinary occupation of a washer woman; that the leg below the knee had become

Village of Chatsworth v. Rowe.

necrosed and the leg incurable; that she had suffered displacement of the womb and hemorrhages therefrom, as a result, setting damages therefor at $10,000. There were two trials, each resulting in a verdict for the appellee, the first for $2,500 and the second trial resulting in a verdict for appellee for $3,250, October 14, 1893. The injury occurred May 7, 1889.

We gather from the very meager briefs in the case, there being only 146 large printed pages on part of appellant and seventy-three of similar size, on part of appellee, that the appellant objects to the verdict and judgment below, because the verdict is not supported by the evidence, and contends that the evidence shows that the sidewalk, where the accident occurred, was in a reasonably good and safe condition, and if not, it had no notice of the defective condition; that if appellee fell on the walk, which it denies, her injuries did not result from the fall, but from some constitutional cause, such as syphilis or tuberculosis.

It is insisted that the court rejected proper evidence offered by appellant and admitted improper evidence offered by the appellee. That the court erred in giving instructions Nos. 1, 2, 3, 4, 5, 7 and 10, on the part of appellee, which counsel for appellant claim were erroneous, and refused to give instructions offered by appellant Nos. 1, 5 and 8, which it insists were proper. And lastly, that the verdict was excessive in amount.

It appears from the evidence that the sidewalk was an old one, having been built some twenty years before the accident, and was made out of pine boards laid transversely across two by four pine stringers, laid on the ground, which had become so badly decayed that they would no longer hold nails, by reason of which the boards laid thereon became loose and insecure; that appellee while walking along caught her foot on a loose board and was thrown down, and the injury done to her leg, for which and the resulting damages the suit was brought.

We think the jury was justified from the evidence in finding for appellee in favor of the insufficiency of the sidewalk

and of notice thereof to appellant in time, by the use of reasonable care, to have repaired it before the appellee fell on it, the proof tending to show that the stringers on which the walk was laid had been rotten for a great length of time prior to the accident, of which fact the appellant, with proper care, could have had notice. The evidence justified the jury in finding all other allegations necessary to recovery in favor of appellee. We think the objections to the admissibility of the evidence complained of by appellant are unsubstantial, and that there was no error committed by the court in its admission in refusing that offered by appellant and rejected by the court. It is not necessary to notice in detail the various points made on the admissibility and rejection of the evidence; suffice it to say most of them were fanciful, and overruling the points made could not have injured appellant.

While it was a contested question whether the injury to appellee's leg by falling on the sidewalk, caused the very serious results complained of, it was a question for the jury.

There was medical expert evidence tending directly to show that such was the consequence and there was similar evidence that appellee's condition was the result of other causes, yet the weight of the evidence seems to us to be in favor of appellee's contention on that point and that the jury was justified in finding for her thereon.

We see no error in giving appellant's 1st, 2d, 3d, 4th, 5th and 7th instructions. There seems to be no foundation for the many objections raised to them. They are the ordinary stock instructions given in such cases.

The objection raised to the giving of appellant's 10th instruction is more serious. The instruction is as follows:

"If you find for the plaintiff in this case, then in estimating the damages, if any, arising from such accident, you have a right to take into consideration the money expended or for which she is liable, if any, in attempting to be cured of such injury so arising; for the pain and suffering she has endured, if any, arising from such injury; and for any permanent injury arising from such accident, if any, so far as you

may believe from the evidence the same is shown, and is justified thereby, not exceeding the amount claimed in the declaration. It is not necessary for plaintiff to make specific proof of the amount of damages, if any, arising from said injury. It is for you to say from all the evidence bearing on the question, what would be compensatory damages."

This instruction has two specific faults: 1st, it tells the jury that the appellee may recover damages arising from the accident, consisting of "money expended and for which she is liable, if any, in attempting to be cured of such injury so arising," when there is no evidence in the record that she had ever expended or was liable for any for such purpose; 2d, in telling the jury that it was not necessary for appellee to make "specific proof" of the "amount of damages, if any, arising from said injury," when, in fact, it was necessary to make such proof as to the services mentioned in the first item. Appellee would be required to authorize recovery therefor to make specific proof of the money expended, and for which she was liable in attempting to be cured from the injury. The jury could not estimate it without.

It may be thought that the clause of the instruction telling the jury that specific proof was not required of the damages arising from the injury, referred only to the specifications of pain and suffering and permanent injury.

But as the first item in regard to expenses for being cured, etc., is included in the preceding specifications, such supposition could not be entertained. By it the jury was left to its imagination and conjecture as to the probable amount of expenses incurred and to be incurred by appellee. These expenses were held by the instruction to arise from the injury, and recoverable if there was any proof of them, and that as to the proof there need be nothing specifically shown.

The instruction was very misleading and liable to swell the appellee's damages beyond what the jury would have estimated them, but for the erroneous instruction. There was no error in refusing appellant's refused instructions.

Under all the evidence, taking into consideration the age

of appellee, fifty-two years at the time of the injury, and what she could probably earn by her occupation, and the probable time remaining to her for actual employment, the damages seem excessive. There could be no exemplary damages allowed, and compensation for pain and suffering ought to be regulated by sound reason.

It is true that an appellate court will not always reverse where there is an instruction given as to the measure of damages not based on the evidence. Murphy v. Larson, 77 Ill. 172. But in the present case there was such an instruction, and in addition the jury were told that it required no specific proof to authorize recovery of the damages. In doubtful cases courts will more readily reverse. T. W. & W. R. W. Co. v. Corn, 71 Ill. 493. For the above error in giving appellee's tenth instruction, the judgment is reversed and the cause remanded.