MATTHIAS JUSTEN

v.

GEORGE SCHAAF.

*Opinion filed October 24, 1898.*

1. TRIAL—*court should not take case from jury where there is a question of fact.* An instruction to find for the defendant in an action at law is improperly given where the evidence raises a question of fact which he is entitled to submit to the jury.

2. EVIDENCE—*plat or diagram admissible to explain testimony.* In an action of ejectment to determine the boundary line between lots, a plat or diagram of the subdivision made by a private surveyor is admissible in evidence to explain the surveyor's previous testimony as to where he had found the old corner stakes, and it is no objection that the plat was made from memoranda some time after the survey and was not authenticated.

3. SAME—*plat competent but for improper statements therein is admissible when they are expunged.* An objection to the admission of a plat in evidence, offered for the purpose of explaining the testimony of the surveyor, based on the fact that it contains written statements not proper to go to the jury, is removed and the plat rendered admissible by expunging the objectionable matter.

APPEAL from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

CHYTRAUS & DENEEN, and EDWIN WHITE MOORE, for appellant:

The court may not direct a verdict for defendant if there is any evidence tending to prove the issues in favor of the plaintiff. *Railway Co.* v. *Velie,* 140 Ill. 61.

Maps, drawings or diagrams made by a witness and shown to be correct are admissible in evidence as part of the witness' testimony, in order to illustrate, explain or make the same intelligible to the court and jury. *Hoge* v. *Railroad Co.* 35 W. Va. 564; *Curtiss* v. *Ayrault,* 3 Hun, 487; *Goldborough* v. *Pidduck,* 54 N. W. Rep. 431; *Roderiquez* v. *State,* 22 S. W. Rep. 978; 2 Phillips on Evidence, 916, note; Thompson on Trials, sec. 870; 2 Taylor on Evidence, secs. 1266, 1267.

Stakes and monuments placed by the original surveyor to mark the lots and blocks in the plat are better evidence of such boundaries than measurements made from figures on the plat. *Plow Co.* v. *Racine,* 56 Wis. 539.

A surveyor, in locating the lines of a subdivision, may compare his measurements with the measurements in recorded plats of neighboring subdivisions, and refer to the same in his testimony in support of the correctness of his survey. *Tillotson* v. *Pritchard,* 60 Vt. 94.

MORAN, KRAUS & MAYER, for appellee:

Although there may be evidence tending to support the plaintiff's case, yet when the evidence is so far insufficient to support a verdict for the plaintiff that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury but may direct a verdict for the defendant. *Bartelott* v. *Bank,* 119 Ill. 259; *Simmons* v. *Railroad Co.* 110 id. 340; *Purdy* v. *Hall,* 134 id. 298; 11 Am. & Eng. Ency. of Law, 245, and cases cited; *Thompson* v. *Pioneer Press,* 37 Minn. 285.

Original plats by public surveyors are admissible to prove the location of land, but private surveys made *ex parte* are not admissible. *Auburn* v. *Goodwin,* 128 Ill. 57; *Blair* v. *Carr,* 162 id. 362; *Gregory* v. *Knight,* 50 Mich. 61; *Jones* v. *Huggins,* 1 Dev. L. 223; *Cecil* v. *Amberson,* Addison, 359; *Surget* v. *Little,* 5 S. & M. 319; *Carpenter* v. *Fisher,* 43 N. Y. Sup. 418; Tyler on Boundaries, 286, 311, 312; Starr & Curtis, 1895, chap. 109, secs. 1, 2; chap. 133, sec. 7.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Appellant is the owner of lot 20 and appellee of lot 19, both in block 1, in Goodspeed's subdivision of part of the north-west quarter of the north-east quarter of section 39, township 38, north, range 14, east, in the city of Chicago. Lot 19 adjoins lot 20 on the south. Appellee maintained a fence which he claimed stood upon the north line of his lot, while the appellant claimed the fence stood one and

six-tenths feet north of the said line. Appellant brought ejectment to recover the disputed strip of ground, and the cause was submitted to a jury for trial. The parties stipulated that appellant was the owner of said lot 20 and appellee of said lot 19, and that the only matter to be determined was the true location of the line between the said lots. At the close of the evidence introduced on behalf of the plaintiff below, the court, on motion of the defendant below, granted a peremptory instruction to the jury to find the defendant not guilty. Verdict and judgment for the defendant were accordingly entered, and this is an appeal brought to reverse the judgment.

It is assigned as for error the court improperly excluded evidence offered in behalf of the appellant and erroneously directed a verdict for the appellee. The appellant produced as a witness one J. Q. Baird, a civil engineer and surveyor. He testified that he surveyed and located the boundary lines of said lot 20, and in order to do so surveyed the whole of said north-west quarter of the north-east quarter, and when he had completed his survey he ascertained the corners of said lot 20, and at each corner placed a stake in which a nail had been driven, and that he pointed out such stakes to the appellant. The witness, the surveyor, stated in detail the manner in which he made the survey and ascertained the various corners and street lines, the points to and from which he made measurements, and that he found a number of stakes evidently placed there by other surveyors at former times, and also the remains of some old cedar stakes which he found below the surface of the ground, the upper parts of the stakes having rotted away. He further testified that at the time of making the survey he made memoranda thereof, including memoranda as to the location of such stakes and parts of stakes, and that he afterwards, and within a month or two, made a plat of his survey, including said Goodspeed's subdivision, and

noted on the said plat the places where he found such stakes. He further stated that the notes or memoranda made by him at the time he made the survey "had fallen into the water and was destroyed," and that he had "a part of it but not the main part of it." Counsel for appellant (plaintiff below) offered in evidence the plat which the surveyor had prepared from said memoranda before destruction or partial destruction, and on which, as the surveyor testified, the location of the stakes and parts of stakes before mentioned was noted. The court ruled the plat was not competent to be received in evidence. Appellant testified the surveyor showed him the stakes placed by said surveyor at the corners of said lot 20, and that the stakes so located by the surveyor at the southwest corner of lot 20 and at the south-east corner of lot 20 were one foot and six inches south of appellee's fence.

We think the court erred in refusing to submit the case to the jury. The evidence not only tended to support the contention of the appellant, but in our view, in the absence of countervailing testimony, was sufficient to support a finding in his favor. It was the duty and province of the jury to investigate the facts in dispute and weigh the force of the testimony. The effect of the motion to withdraw the case from the jury was to admit the truth of the testimony produced and the truth of all conclusions of fact which a jury might fairly draw from such testimony, and to ask the court to apply the law to this admitted state of case. A defendant cannot, by such a motion, compel the plaintiff to submit a controversy as to the facts to the court, for that would be to deprive the plaintiff of the right guaranteed by the constitution to have his cause, upon its facts, tried by a jury. Accepting the testimony of the surveyor and of appellant as being true, and giving to the appellant the benefit of all intendments reasonably to be drawn therefrom, we think a case was presented which should have been submitted to a jury.

The plat offered in evidence has been preserved by the bill of exceptions. It purports to be a diagram of a survey of said lot 20 made by the said J. Q. Baird, and includes a plat of said Goodspeed's subdivision and of one or more adjoining subdivisions, showing the streets, alleys, lots and blocks, with figures indicating the widths and lengths of lots and the widths of streets and alleys. We observe noted upon it seven points, being lot corners in block 2 in said Goodspeed's subdivision, as the points where the stakes mentioned by the surveyor were found, and also points in other parts of the subdivision where other stakes were found. One of such points was directly across the street from the north-west corner of said lot 20. This plat was not authenticated, as is required by the statute with reference to a plat laying out a city or town or making additions to a town or city. But it was not offered for the purpose of proving the laying out of a city or town or of any addition to a town or city. The parties had admitted that they were, respectively, the owners of the lots in the subdivision named, and that the only dispute between them was as to the location of the boundary line between the lots. This obviated the necessity of proof upon the part of the plaintiff that the subdivision had been made and a plat thereof duly executed, authenticated and recorded.

Maps, plats and diagrams explanatory of locations may be introduced in evidence in connection with the testimony of a witness and as explanatory thereof. Such documents often conduce to clear and comprehensive views of testimony relative to places, points and localities and the respective positions thereof, and either party may produce in evidence maps, plats or diagrams for that purpose. It is the duty of the court to require, as preliminary to the admission of such documents in proof, that evidence be produced tending to show them to be correct, and the court may also see the plat or map does not contain any written statements which may be

175—4

taken by the jury as proof as to disputed facts. Such drawings are not produced as evidence within themselves, but for the purpose of enabling the jury to understand and apply the testimony in the case. The surveyor had testified fully as to the manner in which he made the survey, and that while doing so he found certain old stakes, and stated to the jury where some of such stakes were found. It was therefore competent for the appellant to offer to produce before the jury, in connection with the testimony of the surveyor and for the purpose of enabling him to point out such places to the jury, a map or plan of such subdivision and of the adjoining subdivisions, so marked as to indicate the places where the stakes in question were found, and evidence tending to show that such map or plat was a correct representation of the subdivision and correctly indicated the points where such stakes were found was proper for the consideration of the jury, together with such map or plat. It was no objection to the admission of the map or plat offered in evidence as explanatory of the testimony, that it was not made at the time of the survey, or by the county surveyor, or that it was not authenticated as required by the statute.

Cases cited by counsel for appellee justifying the exclusion of plats offered for the purpose of establishing the laying out of a city or town or an addition thereto, and the dedication of the streets, alleys and public ground therein by the proprietor, have no application to the question here presented. The diagram or plat offered in evidence contained written statements not proper to go to the jury, but appellant's proposition to expunge the same and produce in evidence the diagram alone, the writing or printing expunged, obviated that difficulty.

We think the map or diagram proposed to be produced, the said written or printed matter having been removed, competent to be received in evidence for the inspection of the jury, in connection with and as explanatory of the

testimony of the surveyor, and to enable the jury to understand more clearly his testimony and give it proper application.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*