## Maria R. Harley v. Aurora, Elgin & Chicago Railway Company.

### Gen. No. 4,636.

1. INJURY—*when instruction telling jury to disregard the plaintiff's, is improper.* An instruction which tells the jury that they should not consider the fact that the plaintiff was injured in determining whether the plaintiff is entitled to recover and whether the defendant is negligent, is improperly given in an action by a passenger against a carrier, inasmuch as a *prima facie* case is made as between a passenger and carrier by proof that the plaintiff was a passenger for hire and that an accident happened whereby the plaintiff was injured.

2. CONDUCTOR—*when not entitled to assume that all passengers have alighted.* Held, under the facts of this case, that the conductor of the train in question was not entitled to assume that all the passengers intending to alight at the station at which the train was standing, had, in fact, alighted.

3. PASSENGER AND CARRIER—*when regulations of latter, do not bind former.* Regulations of a carrier as to which platform shall be used for the purpose of alighting, which are in the form of instructions to its trainmen, are not binding upon a passenger, if not known to him.

4. NEGLIGENCE—*when instruction upon, erroneous.* Instructions upon the subject of negligence which in effect tell the jury that proof of certain facts would establish that the plaintiff was negligent or that the defendant was not negligent, invade the province of the jury and are improper; such instructions should leave it to the jury to decide the question of negligence from all the evidence in the cause.

Action in case for personal injuries. Appeal from the City Court of Aurora; the Hon. JOHN L. HEALY, Judge, presiding. Heard in this court at the April term, 1906. Reversed and remanded. Opinion filed October 16, 1906.

ELMER & COHEN, E. C. WOOD and SEARS & SMITH, for appellant.

HOPKINS, PEFFERS & HOPKINS, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The Aurora, Elgin & Chicago Railway Company

operates an interurban railway propelled by electrical power. Mrs. Maria R. Harley was a passenger for hire upon said railway from Wheaton to Aurora. The train stopped at New York street in Aurora to let off passengers. While Mrs. Harley was alighting from the train there it started and she was thrown to the ground or fell or stepped off while it was in motion, and she was thereby injured. She brought this suit against the railway company to recover damages for said injuries. Each count of the declaration as amended set up that the relation of carrier and passenger for hire existed between the parties, and that plaintiff was exercising due care for her own safety, and that she was injured by her fall. The first count averred that while plaintiff was in the act of alighting from defendant's car at said street defendant negligently started the car suddenly and without warning, before plaintiff had a reasonable time to alight therefrom, and she was thereby thrown upon the street. The second count charged that defendant so negligently started the car while plaintiff was in the act of alighting therefrom, at defendant's invitation, that thereby she was jostled and caused to fall. Defendant filed the general issue. There was a jury trial and a verdict for defendant. A motion by plaintiff for a new trial was denied, defendant had judgment, and plaintiff appeals.

The train was made up of two vestibuled passenger cars. Defendant instructed its employes to keep the vestibules closed at the front end of the front car and at the rear end of the rear car, and to receive and discharge passengers at the vestibules between the two cars. Plaintiff and her relatives, Mrs. Beebe and Miss Harley, were riding in the rear end of the rear car. At New York street the train stopped and the rear vestibule was open. Who opened it does not appear, and the proof leaves it uncertain how long it had been open. Plaintiff introduced positive proof that at each of the

last two preceding stops a passenger had alighted at the rear of the train. Defendant introduced proof of circumstances tending to show that no passenger alighted from the rear of the train at those places. Plaintiff did not know when or by whom the rear vestibule was opened, and had nothing to do with opening it. But it was proved without dispute that at New York street that vestibule was open and in a condition which permitted passengers to alight just as freely and easily as at the center of the train, and was in the same condition it would have been in if defendant had expressly invited passengers to alight there or had planned that they should do so. Plaintiff knew nothing of the regulations or instructions by defendant which required the train men to have the passengers alight at the center of the train. At New York street several persons went to the rear vestibule and alighted there. The proof does not show definitely how many left the car by the rear door and steps, but plaintiff was preceded by at least a lady and a gentleman, not of her party, and by Mrs. Beebe, and was followed by Miss Harley, so that at least five persons were alighting from the rear of that car, and when the car started three had just alighted, another was in the act of stepping off, and another passenger just back of her intended to leave the car there. Each car had a conductor. When the train stopped at New York street, the conductor of the front car stepped off the rear end of that car, assisted the passengers from it to alight and then stepped back upon the platform of his car, ready to signal the motorman to start the train. The conductor of the rear car testified that after the train left its last preceding stop he went inside the car, announced New York street and said in a loud voice, "This way out, please," and went out of the front door. Plaintiff testified she did not hear him, and no passenger testified to hearing him. When the train stopped at New York street the rear

conductor got off the front end of his car, helped off eight or ten passengers, stepped back and looked into the window to see if any more passengers were coming, gave the signal to the conductor of the front car to proceed and got upon the rear car, the front conductor gave the signal to the motorman and the train started and plaintiff fell. The length of the stop was from twenty to thirty seconds. Up to this time neither conductor had looked towards the rear of the rear car. After plaintiff fell she screamed, and the rear conductor then looked back and saw her and stopped the car. Defendant introduced proof that Mrs. Beebe and Miss Harley made statements soon after the accident implying that plaintiff stepped off after the car started. There was contradictory proof as to whether the car started with a jerk, and as to the distance it ran before it stopped again, and as to the extent of plaintiff's injuries.

The court, at defendant's request, instructed the jury that they should not consider the fact that plaintiff was injured in determining whether plaintiff was entitled to recover and whether defendant was negligent. Such a rule is not applicable to an action by a passenger against a carrier for injuries received while that relation existed. Proof that defendant was a common carrier of passengers, that plaintiff was a passenger for hire with defendant, and that an accident happened whereby plaintiff was injured while a passenger, where, as here, the proof tends to show that the accident was due to the negligent conduct of servants of the carrier, makes a *prima facie* case and casts upon the carrier the burden of explaining. The fact that plaintiff was injured while a passenger is a material part of the proof necessary to establish a right to recover. Chicago City Ry. Co. v. Carroll, 206 Ill. 318; Chicago City Railway Co. v. Rood, 163 Ill. 477; Chicago Union Traction Co. v. Mee, 218 Ill. 9. It was error to direct the jury to exclude that material ele-

ment of proof from their consideration in determining whether plaintiff was entitled to recover.

The court, at defendant's request, instructed the jury that if, after the train stopped, a reasonable time had elapsed for plaintiff to alight before she was injured, then the relation of common carrier had ceased, and defendant could not be held liable for the injury as a common carrier of passengers; and also, that if a reasonable time for plaintiff to alight had elapsed prior to the accident, and plaintiff had failed to alight, she could not recover; and also, that after a train had stopped a reasonable time to enable passengers to alight in safety, the conductor is not required to go through the cars and make inquiry of the passengers to ascertain whether all have alighted who intend to do so, and that if the train had stopped a reasonable length of time to enable plaintiff to alight in safety, then the conductor had a right to presume that all who intended to alight had done so, and had a right to start again, unless he knew plaintiff was in the act of alighting. Circumstances can be imagined to which some of these propositions would be properly applied. But there was no proof here that plaintiff delayed at all in getting off the car. Her movements were necessarily controlled by those ahead of her, and there is nothing to show that they were guilty of any delay. Here was a rear door, an open vestibule, and steps in place and apparently inviting the passengers to alight there. At least three passengers had just stepped down, plaintiff was in the act of alighting, and another passenger was awaiting her turn to alight. All this was within fifty feet of the two conductors, on the same side of the car that they were and in plain sight if they looked. Under such circumstances it is not true, as a matter of law, that a conductor is at liberty to assume that all have alighted who intend to do so, and to start his train.

The court at the request of defendant instructed the

jury that it is the duty of a passenger to comply with the usual, reasonable and known regulations of the carrier with reference to a safe exit from the cars; that if the evidence showed that it was a regulation of defendant that passengers should alight from the front platform, and that plaintiff disregarded such direction and alighted from the rear platform, and and thereby contributed to the accident and injury, she could not recover; and also in another instruction, that it is the duty of passengers to obey the reasonable directions of those in charge of the train, and if the jury found from the evidence that the conductor in charge of this car directed the passengers to alight from the front platform, and that plaintiff disregarded such direction and alighted from the rear platform, and thereby contributed to the accident and the injury, she could not recover. Plaintiff was a visitor at Aurora, and did not live in the counties where this railroad ran. There is no proof that she ever rode upon one of defendant's cars before the day she was injured. There is no proof that she had any knowledge or notice of the regulations which defendant established. The regulations proven were merely oral instructions to its trainmen. Although plaintiff testified she did not hear the conductor make the announcement, and no one testified to hearing him, yet as the conductor testified he made the announcement inside the car in a loud voice, defendant had a right to submit to the jury the question whether plaintiff heard it. But if she heard it, all she heard was, "This way out, please." That did not inform her that the defendant had established regulations as to the end of the car from which passengers should alight. As defendant had introduced proof that it had instructed its employes to keep the vestibule at the rear of this car closed and to discharge passengers only at the vestibules between the cars, and as there was no proof

that this instruction to its employes was known to
plaintiff, the court should not have charged the jury
that if plaintiff knew of that regulation and disre-
garded it and thereby contributed to her injury, she
could not recover. That instruction tended to lead the
jury to believe that the court considered that there
was proof tending to show that plaintiff knew of that
regulation. It was calculated to mislead and confuse
the jury. The court also should not have assumed in
its charge that the words of the conductor were a di-
rection to the passengers rather than a mere request.
If the question whether it was plaintiff's duty to leave
the car by the front door was to be submitted to the
jury, it should not have been submitted merely upon
the utterance by the conductor of the words above
quoted in the hearing of plaintiff, but the jury should
have been left to determine that question from all the
circumstances surrounding plaintiff at the time.
These instructions ignore the proof that the rear car
was partitioned, and the front end was a smoking
room, and that the rear vestibule was open and the
platform and steps in readiness for the use of pas-
sengers, and that other passengers were alighting
there. It may be the jury would have found it con-
sistent with ordinary care that, when these ladies saw
a lady and gentleman alighting at the rear of the car,
they should follow rather than pass through the
smoker. So far as the proof shows, plaintiff had no
reason to suppose that the rear vestibule was not al-
ways kept open, nor could she know it was not kept
open for the special accommodation of passengers in
the rear of the car and far from the front. In our
opinion it is not true, as a matter of law, that under
such circumstances, if plaintiff heard the conductor
say, "This way out, please," and saw him go out at the
front door, but she left the car through an open vesti-
bule at the rear, and went down steps defendant had
provided for passengers, following other passengers

who were leaving the car in that way, she thereby ceased to be a passenger before she had left the car, and lost her right to the care and protection defendant owed to its passengers, and thereby barred herself from recovering for injuries caused by defendant's negligence while she was in the act of alighting. It is not necessary to decide what defendant should have done if it wished its passengers to leave the rear car only at the front end. It is sufficient to say that we hold that plaintiff was not deprived of the rights of a passenger because she left by the rear vestibule, under all the circumstances disclosed by the proof, and therefore these instructions should not have been given.

Most of the instructions herein referred to also invaded the province of the jury, and in effect told them that proof of certain facts would establish that plaintiff was negligent or that defendant was not negligent, whereas the jury should have been left to decide the question of negligence under proper instructions as to the legal rights and duties of the parties. C. & A. R. R. Co. v. Kelly, 182 Ill. 267. Other instructions given at defendant's request are imperfect, but we think the suggestions already made will be a sufficient guide for another trial. Plaintiff's instruction defining the duties of common carriers of passengers should have contained the qualification, "consistently with the practical operation of the road."

Plaintiff should have been allowed to prove that she left the hospital under the direction of a competent physician, as it might otherwise be argued that she was negligent in leaving when she did, and that she thereby brought on some of her subsequent ills.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*