DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1907.

---

### Simon Prussner et al. v. Benjamin F. Brady.

#### Gen. No. 4,796.

1. TRESPASS QUARE CLAUSUM FREGIT—*gist of action of.* The gist of the action of trespass *quare clausum fregit* is the breaking and entering, by force and arms, the plaintiff's close, and the term "close" so used, being technical, signifies an interest in the soil, and not merely a close or enclosure in the common acceptation of the term.

2. TRESPASS QUARE CLAUSUM FREGIT—*when declaration in, sufficiently describes real estate alleged to have been invaded.* A declaration in an action of trespass *quare clausum fregit* sufficiently described the *locus in quo* where it alleges the same as a certain close of plaintiff in a particular county.

3. TRESPASS QUARE CLAUSUM FREGIT—*effect of plea of general issue in action of.* In an action of trespass *quare clausum fregit*, the plea of the general issue does not put the plaintiff under proof of title; it only calls for proof of possession.

4. EVIDENCE—*when plat of real estate competent.* Maps, plats and diagrams, explanatory of locations, may be introduced in evidence in connection with the testimony of a witness, in verification thereof.

5. DECLARATION—*what equivalent to averment of malice.* It is not necessary in order to aver malice that the word "malice" be used or that the words "wantonly and wilfully" be employed. It is enough if the allegations of fact be such as will enable the court to draw therefrom the conclusion that malice did exist.

6. EXEMPLARY DAMAGES—*what not essential to award of.* It is not necessary to warrant a finding of exemplary damages that express malice should be specifically averred or proved.

7. INSTRUCTIONS—*when writing upon margin of, "guilty," instead of "given," not ground for reversal.* The action of the court in inadvertently writing the word "guilty" instead of the word "given" on the margin of one of the instructions given to the jury, is not ground for reversal where it appears from affidavits filed upon the motion for a new trial that the instructions were not handled or read in the jury room by any of the jurors except the foreman, that he read the instructions aloud to the jury and did not read nor notice the marginal indorsement so inadvertently made.

Trespass *quare clausum fregit.* Appeal from the Circuit Court of Kankakee County; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed August 6, 1907. Rehearing denied October 4, 1907.

S. RUSSELL BOWEN, for appellants.

SMALL & BROOK, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This was an action of trespass *quare clausum fregit,* brought in the Circuit Court of Kankakee county by appellee, Benjamin F. Brady, against Simon Prussner and Herman Eilts. The original declaration averred that the defendants, on to-wit, the 28th day of July, A. D. 1905, and on divers other days between that day and the commencement of this suit, with force and arms, etc., broke and entered a certain close of plaintiff, situate in the county of Kankakee; and then and there forced and broke open, broke to pieces,

damaged and destroyed certain fences, posts, wires, etc., and walked upon and trod down trees, grass and plants of plaintiff, then and there growing; and hindered and prevented plaintiff from having the use, benefit and enjoyment thereof; and other wrongs then and there did to the damage of plaintiff, and against the peace of the people of the State. The declaration was afterwards amended, without changing its form or substance. To the declaration defendant pleaded the general issue only. There was a trial before a jury resulting in a verdict of $100 in favor of appellee, a motion for a new trial, and a *remittitur* of $25. The motion for a new trial was overruled, a judgment on the verdict for $75 was entered, and this appeal was taken.

The declaration did not particularly describe the real estate invaded, but laid the *locus in quo* as a certain close of plaintiff in the county of Kankakee aforesaid. This, appellants urge as error. The gist of the action of trespass *quare clausum fregit* is the breaking and entering, by force and arms, the plaintiff's close, and the term "close" so used, being technical, signifies an interest in the soil, and not merely a close or enclosure in the common acceptation of the term. 1 Chitty Pl. 174, 175, 176. The declaration, in our opinion, sufficiently described the *locus in quo*. It is in fact a substantial copy of Chitty's form of declaration in trespass *quare clausum fregit*. 2 Chitty Pl., 866.

The evidence shows that appellee at the time of the trespasses complained of had been for 35 years in the possession of the premises trespassed upon, and during that time had occupied the same as a homestead under a claim of ownership, and that on the night of the 28th of July, 1905, after the hour of ten o'clock, appellants tore down the fence from appellee's premises for a distance of 60 or 70 feet. The fence was constructed of woven wire stapled to posts, and contained two gates made of pickets hung to posts. Some of the posts were pulled up, others broken off, and some injury done to appellee's garden and lawn. The fence was repaired, and about two weeks later appellants again tore down the

fence, pulled up and broke down the posts, and destroyed the wire by cutting it into fine pieces. It also appears from the evidence that a part of appellee's enclosure was once platted as a part of a street, but never opened to the public, and that appellant, Simon Prussner, owned land adjoining that portion of appellee's enclosure, and that his purpose in tearing down the fence was to open the street, and that appellee's actual damages were about $20.

Appellants insist that the trial court erred in admitting in evidence a plat of the property alleged to have been trespassed upon, etc. The county surveyor who made the plat testified that he took the measurements of the property, and from the measurements made the plat, and that the measurements and representations appearing on the plat were true and correct, and that the plat was true and correct. Appellee testified that the plat was a perfect representation of the premises. Maps, plats and diagrams explanatory of locations may be introduced in evidence in connection with the testimony of a witness as explanatory thereof. Wahl v. Laubersheimer, 174 Ill., 338; Justem v. Schaaf, 175 Ill., 45. The plat complained of was not as appellants urge, to aid appellee in testifying, but as explanatory of his testimony, and there was no error in its admission.

Appellants urge that the general issue put upon appellee proof of title of the premises invaded. This is not true. It only called for proof of possession, and we are of the opinion that the evidence clearly establishes his possession.

The court at the instance of appellee, instructed the jury that if they found from the evidence that the defendants committed the trespasses as charged in the declaration, and if they further found that they were committed wantonly and wilfully, they were not confined to the actual damages proven, and that they might award such sum as they might think proper as punitive damages. Of this counsel for appellants complain and urge that, in the absence of a direct averment of malice the instruction was erroneous, but cite no authority except an unreported Texas case. The words "wantonly and wilfully" do not appear in the averment, but

the acts of appellants, the effects thereof, and the fact that they were committed in the night time and later repeated in the night time, are averred and clearly proven, and in our opinion malice is clearly inferable from such acts.   It is not necessary to warrant a finding of exemplary damages, that express malice should be specifically averred or proved. If it appears that a party has acted with a wanton, wilful and reckless disregard of the rights of another, malice will be presumed.   All persons are presumed to know the law, and when they take the law into their own hands and invade the rights of others, it is an evidence of what may be regarded as general malice.   Farwell v. Warren, 51 Ill., 467.   We are of the opinion that the evidence clearly established that appellants, in the commission of the acts complained of, were prompted by malice, and the absence of an averment of malice did not render the instruction erroneous.   Twenty dollars of the verdict was for actual damages resulting from the trespass; the balance, we think, is maintainable under the evidence as punitive or exemplary damages.

The trial judge wrote the word "guilty" instead of the word "given" on the margin of one of the instructions given to the jury, and it is argued that this was reversible error. Affidavits filed upon the motion for a new trial showed that the instructions were not handled or read in the jury room by any of the jurors except the foreman; that he read the instructions aloud to the jury and did not read nor notice said marginal indorsement.   The mistake therefore was harmless.

The judgment is therefore affirmed.

*Affirmed.*