## Maria E. Harley, Appellant, v. Aurora, Elgin & Chicago Railway Company, Appellant.

### Gen. No. 5,056.

DAMAGES—*when absence of evidence as to medical expenses etc. ground for reversal. Held,* that in the absence of evidence as to medical expenditures, etc., or as to liability therefor, it was error, which constituted ground for reversal, to authorize the jury to make allowances in their verdict for medical attendance, etc.

Action in case for personal injuries. Appeal from the City Court of Aurora; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed June 10, 1909. Rehearing denied, opinion modified, July 15, 1909.

HOPKINS, PEFFERS & HOPKINS, for appellant.

ELMER & COHEN and SEARS & SMITH, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

The Aurora, Elgin and Chicago Railway Company, appellant, operates an interurban electric railway between Chicago and Aurora. On July 5, 1903, Mrs. Maria Harley, appellee, was a passenger on said railway from Wheaton to Aurora and while alighting

from the train at New York street in Aurora, it started and she was thrown to the ground, or she fell or stepped off while it was in motion, and was injured. She brought this suit in the City Court of Aurora against the railway company to recover damages for such injuries. The declaration contained two counts. Each count of the amended declaration set up that the relation of carrier and passenger for hire existed between appellee and appellant, and alleged that appellee was exercising due care for her own safety when injured, charged appellant's negligence, stated the character of appellee's injuries, and averred that she had been put to great expense for physicians, and for physicians' and surgeons' charges, and for medicines, care and nursing in an effort to be cured of her said injuries. The plea of the general issue was interposed. There was a trial and a judgment for the defendant, which, on appeal, was reversed for errors of law in defendant's instructions, and the cause remanded. Harley v. Aurora, Elgin and Chicago Railway Company, 128 Ill. App. 643. Later there was another trial and a verdict for appellee of $3,500. A motion for a new trial was denied. Judgment was entered on the verdict and the company prosecutes this appeal.

As the judgment in this record must be reversed for errors of law appearing in appellee's instructions, no opinion on the merits of the cause will be expressed, and no further reference made to the facts appearing in the evidence than is necessary for a proper consideration of the assignment of errors based on the instructions.

The third instruction given for appellee defined the duty of a common carrier of passengers, in the following language:

"It is the duty of common carrier of passengers to do all that human care, foresight and vigilance can reasonably do under the circumstances in view of the character of the mode of conveyance adopted consistently with the practical operation of the road reasonably to guard against accidents and consequent in-

juries to passengers while being conveyed, and if they neglect so to do they are to be held strictly responsible for all consequences which flow from such neglect; that while the carrier is not an insurer for the absolute safety of the passenger, it does, however, in legal contemplation, undertake to exercise the highest degree of care to secure the safety of the passenger, and is responsible for the slightest neglect resulting in injury to the passenger if the passenger is, at the time of the injury, exercising ordinary care for her own safety, and this applies alike to the safe management and control of its cars, the employment of skillful and prudent operatives and the faithful performance by them of their respective duties; and if you believe, from the evidence, that the defendant, by its servants, failed to exercise such care to prevent injury to plaintiff while she was a passenger on one of its cars and in the act of alighting therefrom, and that by reason thereof plaintiff was injured in the manner and by the causes charged in the declaration or some count thereof, while plaintiff herself was in the exercise of ordinary care for her own safety, before and at the time of such accident, then you should find the defendant guilty.''

There was no allegation in the declaration that appellant failed to employ skilled or prudent operatives and that portion of the instruction should have been eliminated. But for that error alone, we should not be inclined to reverse the judgment.

The proof showed that appellee had spent some time in the hospital and had had much medical attendance, nursing and medicines in her own home. It was not proved, however, what sums she paid or contracted to pay therefor, nor what such services and medicines were reasonably worth; nor was there any proof that her husband had paid them and thereby relieved her from liability therefor.

Appellee's fourth instruction read:

''The court instructs the jury that if they find for the plaintiff they will be required to determine the amount of her damages, if any is shown by the evi-

dence. In determining the amount of damages plaintiff may be entitled to recover in this case, if any, the jury have the right and they should take into consideration all the facts and circumstances proved by the evidence before them, the nature and extent of plaintiff's physical injuries, if any, so far as the same are shown by the evidence to be the direct result of the injury complained of; her suffering in mind and body, if any, resulting from such physical injuries, if any; and such future suffering and loss of health, if any, as the jury believe from the evidence before them in this case she has suffered or will suffer by reason of any such injuries; and may find for her such sum as, in the judgment of the jury, under the evidence and instructions of the court in this case, will be a fair compensation for the injury she has sustained or will sustain, if any, so far as such damage and injuries, if any, are claimed and alleged in the declaration and proved by the evidence, and it is not necessary in arriving at such amount, if any, for any witness to have expressed an opinion as to the amount of such damages."

The fifth instruction given for appellee told the jury, among other things, that if defendant was found guilty, the plaintiff would "be entitled to recover all damages alleged in the declaration and proved by the evidence" which plaintiff had sustained by reason of such injuries.

The sixth instruction given for appellee contained this statement: "to enable the jury to estimate the amount of such damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damages, but the jury may themselves make such estimate from the facts and circumstances in proof, and by considering them in connection with their own knowledge, observation and experience in the business affairs of life."

These instructions permitted the jury to give what, in their judgment, was a fair compensation for appellee's expenses for physician's care, nursing and drugs in endeavoring to be cured of her injuries. For all

that we can know, the jury may have allowed her a substantial amount for the services of physicians, nursing and medicines, such as they may have thought such services and medicines would likely be worth, and that, without any proof of the amount, or of its reasonableness. These instructions would have been good, had there been no allegations or proof of any damages except physical injuries, suffering in mind and body, future suffering, loss of health or permanent injury which are not capable of pecuniary measurement. Physicians' and nurses' services and the value of medicines and all necessary expenditures made in being cured are elements of damages capable of pecuniary measurement, and the law requires that the amounts of such expenditures shall be proved. North Chicago St. R. R. Co. v. Fitzgibbons, 180 Ill. 466; McGinnis v. Berven, 16 Ill. App. 354; Village of Chatsworth v. Rowe, 53 Ill. App. 387.

For the errors indicated in instructions four and six, the judgment is reversed and the cause remanded.

*Reversed and remanded.*