## Marie Hatcher, Appellee, v. Quincy Horse Railway and Carrying Company, Appellant.

1. CARRIERS—*stopping of car as invitation to passengers.* The stopping of a car at the customary place for the reception of passengers is an invitation to persons intending to become passengers to

board the car, and is tantamount to an acceptance of such persons as passengers.

2. Carriers—*passengers.* Whether a person boarding a car does so for the purpose of becoming a passenger depends largely upon the intention of such person at the time.

3. Carriers—*where a person boards a car intending to meet a friend.* A person boarding a car for the purpose of meeting a friend, intending to become a passenger if the friend is on the car, otherwise not, is not a passenger.

4. Evidence—*where silence of plaintiff amounts to an admission.* In a personal injury action where plaintiff was injured by falling from the step of defendant's car, testimony that, after the accident, plaintiff's son said that his mother got on the car to see a certain woman and, not seeing her, stepped off and that the plaintiff did not deny the statement, is admissible as in the nature of an admission by plaintiff.

5. Evidence—*when plat is inadmissible.* A plat which shows a cross section of the street at the place of the accident and a drawing of defendant's car on the track and bears written memoranda as to matters which may be readily understood from oral testimony, is properly excluded.

6. Evidence—*permanency of injury.* The testimony of plaintiff's physicians as to the improbability of an injured limb ever improving, and that it could not be remedied by an operation, is properly admitted.

7. Evidence—*hearsay.* Testimony of plaintiff that she first learned that a certain woman was not on the car at the time of the accident "when she came into the room in the hospital" is hearsay and improperly admitted.

8. Instructions—*based on the evidence of plaintiff.* An instruction which does not direct a verdict is not erroneous because it is based on the evidence of plaintiff.

9. Damages—*must be based on evidence.* Damages for necessary and reasonable medical expenses, nurses' services, hospital bills, and the like which are claimed and averred in the declaration must be proved, and the jury may not assess damages for such expenses unless the amount of such expenses is proved by the evidence.

10. Damages—*for pain and suffering.* Damages for mental and physical pain, suffering and inconvenience suffered or to be suffered in the future in consequence of an injury may be assessed though no witness has expressed an opinion as to their amount.

11. Damages—*for loss of time and inability to transact business.* Where damages are claimed for present and future loss of time and inability to transact business, there should be some evidence con-

cerning the occupation, earning capacity and value of the time and services of plaintiff.

12. CARRIERS—*contributory negligence; due care.* Where plaintiff was injured in falling from defendant's street car, she must show that she was in the exercise of due care at the time she was injured and in her actions leading up to the injury.

Appeal from the Circuit Court of Adams county; the HON. ALBERT AKERS, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed April 18, 1913.

WILSON & WALL, for appellant.

FRANK J. PENICK and GOVERT & LANCASTER, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Marie Hatcher brought suit against the Quincy Horse Railway and Carrying Company to recover damages for injuries received by her in consequence of falling off the step of one of defendant's cars.

The declaration avers that plaintiff at the time of the casualty, desired to be carried and transported as a passenger on said car and while in the exercise of due care in getting on said car the defendant negligently caused said car to start, whereby she was thrown upon the street, by means whereof she was permanently injured and prevented from attending to her business, suffered great pain and incurred great expense for medical services, nursing, etc.

The appellant contends that the case should be reversed because a clear preponderance of the evidence shows that no judgment can be sustained on the evidence. This contention is based in part upon what appellant contends it could have proved by certain witnesses if the objection to the evidence had not been sustained. We cannot decide the case upon supposed evidence not in the record, and will not express any

opinion on the merits of the case at this time as there are reversible errors in the result of the case.

It is a disputed fact whether the appellee was or not a passenger. Appellee testified that she intended to get on the car as a passenger to ride to her home, while appellant contends that appellee was not a passenger; that appellee got upon the car to see if a Mrs. Govert was on said car, and if she was on the car, then appellee would have become a passenger but if Mrs. Govert was not on the car then appellee intended to get off the car and wait for another car on which Mrs. Govert had said she would meet her, and that appellee got on the car, and seeing that Mrs. Govert was not on it, was injured in negligently getting off the car.

The stopping of a car at the customary place for the reception of passengers is an invitation to persons intending to become passengers to board the car and is tantamount to an acceptance of such persons as passengers, yet whether a person boarding such car does so for the purpose of becoming a passenger depends largely upon the intention of such person at the time of boarding such car. *North Chicago St. R. Co.* v. *Williams*, 140 Ill. 288; *West Chicago St. R. Co.* v. *Manning*, 170 Ill. 420. There must be a bona fide intention on the part of such person to become a passenger or such a state of facts that the person will be a passenger if he gets on the car. *Chicago & E. I. R. Co.* v. *Jennings*, 190 Ill. 484. A person boarding a car for the purpose of meeting a friend intending to become a passenger if the friend was on the car, otherwise, not, is not a passenger. *Texas & Pa. Ry. Co.* v. *Best*, 66 Tex. 116; *Metropolitan West Side El. R. Co.* v. *Sutherland*, 139 Ill. App. 85; *Robertson* ̄. *Boston & N. St. Ry. Co.*, 190 Mass. 108.

The evidence of appellee is th t she intended to take the car the fall from which inj red her, but that she only got on the steps of the ar when it started and the sudden jerk threw her on the pavement. The evi-

dence of the motorman and conductor is that she got on the car, peered in as though looking for some one and then started to get off, when the conductor shouted to her, "Wait, lady, wait until the car stops." The evidence as to the call of the conductor is corroborated by several ladies who got on the car just before her. After the accident in which appellee's hip was badly injured she was carried to a store near by to wait for an ambulance. Appellant sought to prove by a reporter and two other witnesses, that he there inquired in her presence and hearing, while appellee was conscious of what was going on, how the accident happened, and that her son who was sitting beside her with his arms around her replied, that his "mother had got upon the car to see Mrs. Govert and not seeing Mrs. Govert she stepped off." This evidence was by her failure to deny it proper in the nature of an admission by her and it was error to sustain an objection to it. *Chicago City Ry. Co.* v. *Bundy,* 210 Ill. 43; *Kozlowski* v. *City of Chicago,* 113 Ill. App. 514; 1 Encyc. of Evidence, 376.

It is also insisted that the court erred in refusing to admit appellant's Exhibit 1, which is a plat of the street at the place of the accident with a cross section of the street and a drawing of appellant's car on the track. It was a controverted question whether appellee got on the platform of the car or only upon the step of the car before she was injured. If she only got on the step, then not more than her face could be seen from the opposite side of the street through the window of the car, while if she got on the platform then her head and shoulders could be seen through the window. The plat has many measurements marked upon it with various lines showing the levels or lines of vision from the curb, sidewalk, grade of the buildings and from certain elevations above the sidewalk to a person of the height of appellee standing on the further step, or platform of the car through the win-

THIRD DISTRICT—APRIL, 1913    35

Hatcher v. Quincy Horse Ry. and Carrying Co., 181 Ill. App. 30.

dow, with written memoranda of the heights and distances in feet and inches and gives a full explanation of the various lines and figures and what the various levels and lines of vison are. These were all matters that are readily understood from the oral testimony of witnesses. The plat as offered was an endeavor to get before the jury the written testimony of the author of the plat that it might take such written evidence to the jury room, and is in the nature of a written argument upon the oral testimony. While a general plat would be proper (*Justen* v. *Schaaf,* 175 Ill. 45; *Wahl* v. *Laubersheimer,* 174 Ill. 338), the court properly sustained the objection because of the written memoranda, levels and lines of vision thereon.

Appellant insists that it was error to permit appellee to prove by her physicians the improbability of the conditions of her injured limb ever improving, and that it could not be remedied by any operation. Nothing was asked concerning the expense of such an operation. The evidence admitted only tended to prove the permanency of her injury and there was no error in admitting it.

Appellee was asked on re-examination by her counsel when she first learned that Mrs. Govert was not on that car and answered over the objection of appellant "when she came into the room in the hospital." This is clearly hearsay testimony and incompetent and should not have been admitted. It was proper to tell what she saw at the car, but to tell what she learned afterwards from other parties was reversible error.

It is assigned for error and argued that the court erred in giving several instructions requested by appellee. The first instruction is an abstract proposition and should have been made applicable to the evidence. The third while made applicable to the evidence is a repetition of the first and is of a very argumentative nature. Appellant contends that the first and third

instructions were erroneous, because they contained no reference to the claim of appellant, that appellee only intended to become a passenger if Mrs. Govert was on the car. These instructions did not direct a verdict, and were based on the evidence of appellee and there was no error in the respect contended for by appellant.

The sixth tells the jury that if they find for the plaintiff "and that plaintiff has sustained damages as charged in the declaration, then to enable the jury to estimate the amount of damages it is not necessary that any witness shall have expressed an opinion as to the amount of such damages, but the jury may themselves make such estimate from the facts and circumstances in proof and by considering them in connection with their general knowledge, observation and experience in the business affairs of life." The seventh is also on the question of the assessment of damages and authorizes the jury if they find for plaintiff to consider among other things her "future inability to labor or transact business if any." The declaration claims damages by way of money expended for medical services, hospital bills, nursing, etc., to the amount of $500. Damages for necessary and reasonable medical expenses, nurses' services, hospital bills and the like, which are claimed and averred in the declaration must be proved, and a jury may not assess damages for such expenses unless the amount of such expenses are proved by the evidence. (*North Chicago St. R. Co.* v. *Fitzgibbons,* 180 Ill. 466, affirming 79 Ill App. 632; *Harley* v. *Aurora, E. & C. R. Co.,* 149 Ill. App. 339.) A jury may only assess damages for mental and physical pain, suffering, and inconvenience suffered or to be suffered in the future in consequence of the injury, from the evidence in the case on the question of damages considered in connection with their general knowledge, observation and experience in business affairs. Regarding such damages it is not necessary that any

witness shall have expressed any opinion as to the amount of such damages, but for damages for loss of time and inability to transact business, which to some extent can be proved or measured, there should be some evidence concerning the occupation, the earning capacity and value of the time and services, for the present and future loss of which damages are claimed. "The general rule seems to be in order to warrant a recovery for time lost there must be some evidence from which its value may, at least be inferred." 8 Am. & Eng. Encyc. of Law, 651. There is no evidence in this record of the occupation of appellee or what she was doing, or the value of anything she was doing, or was capable of doing. It is stated in the argument for appellee that she was keeping house for her stepson, but we find no evidence on that question. There should be some evidence on which to base each element of an instruction. It is also contended that "an instruction concerning the exercise of due care by the appellee was too limited in that it was confined to the time of the alleged injury and immediately prior thereto."

The appellee is required to show she was in the exercise of due care at the time she was injured and in her actions leading up to the injury. *Krieger* v. *Aurora, E. & C. R. Co.,* 242 Ill. 544. It is also insisted that there was error in refusing certain instructions requested by appellant. The refused instructions were substantially given in other instructions and it is unnecessary to review them or the other matters presented by counsel.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*