590    APPELLATE COURTS OF ILLINOIS.

Hatcher v. Quincy Horse Ry. & Carrying Co., 193 Ill. App. 590.

## Marie Hatcher, Appellee, v. Quincy Horse Railway and Carrying Company, Appellant.

1. APPEAL AND ERROR, § 1411*—*when verdict on conflicting evidence not disturbed.* The verdict in a personal injury case will not be held to be against the manifest weight of evidence where the testimony is in direct conflict and two juries have found in favor of the plaintiff.

2. WITNESSES, § 188*—*when question leading.* In action to recover for damages for personal injuries received through the alleged negligence of a street car company, in starting the car while the plaintiff, who had got upon the step leading to the platform of the car, was holding to the hand hold and was in the act of raising her foot to the platform, the defense being that plaintiff did not intend to become a passenger upon the car but intended to get off again because her friend whom she was looking for was not on the car, a question on direct examination asking plaintiff to state whether or not when she "stopped at that point" it was with the intention of taking the car to her home, is leading and suggestive.

3. APPEAL AND ERROR, § 1507*—*when leading question harmless.* A leading and suggestive question propounded to the plaintiff upon direct examination, in an action for damages for personal injuries received through the negligence of defendant in starting the car while plaintiff was trying to get on it, as to whether when plaintiff "stopped at that point" she intended to take the car to her home, is harmless where the plaintiff already had answered as to her intention.

4. WITNESSES, § 187*—*when permitting leading questions discretionary.* The matter of permitting leading questions to be asked is within the sound discretion of the court.

5. EVIDENCE, § 165*—*when question does not call for self-serving declaration.* A question as to whether or not the witness, who was plaintiff in an action to recover damages against a street car company for personal injuries received through the negligence of the company, the defense being that plaintiff did not intend to become a passenger, said anything to her friend before and just as she left her friend's home to go to the corner where she took the car, as to where she was going and, if so, what she said to her friend, is not objectionable as calling for a self-serving declaration.

6. EVIDENCE, § 78*—*when question as to statements to others regarding intention not erroneous.* A question is not objectionable as calling for evidence not part of the *res gestæ* where the plaintiff,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Hatcher v. Quincy Horse Ry. & Carrying Co., 193 Ill. App. 590.

in an action to recover damages for personal injuries from a street car company, the defense being that plaintiff did not intend to become a passenger, was asked as to whether or not, when and just before she left the home of her friend and went to the corner where she took the car, she told her friend where she was going and, if so, what she said to her.

7. EVIDENCE, § 221*—*when hearsay.* Evidence that the witness, plaintiff in an action to recover damages for personal injuries from a street car company, the defense being that plaintiff did not intend to become a passenger, was told by her son, who called her up on the telephone at a friend's house on the evening of and before the accident, and from which place she went to the corner where she attempted to take the car, that a certain friend of hers wanted her to go down town with her and that she should go home, and her friend would come down and meet her there, is improper as hearsay.

8. WITNESSES, § 239*—*what improper on redirect examination.* It is improper redirect examination to ask a witness, plaintiff in an action to recover for personal injuries from a street car company, the defense being that plaintiff did not intend to become a passenger, as to what her son said to her over the telephone at her friend's residence the evening of the accident, and from which place she later went to the corner where she attempted to take the car, the purpose being to elicit an answer to the effect that the son told her that a friend of hers wanted her to go down town with her and for her to go on home and that she would come down on the car and meet her there.

9. APPEAL AND ERROR, § 1475*—*when admission of hearsay harmless.* It is not reversible error to permit a question and answer, which are improper as mere hearsay, to be asked and answered on redirect examination, where the evidence was called out on cross-examination, and the question and answer were explanations of the inference drawn from the cross-examination.

10. EVIDENCE, § 368*—*when question calls for a conclusion.* An answer to a question propounded to a medical expert upon the trial of an action to recover damages for personal injuries from a street car company as to whether, after the examination of a plate, it corroborated his diagnosis of the condition of the plaintiff, *held* objectionable as stating the conclusion of the witness.

11. EVIDENCE, § 395*—*when question erroneous as calling for a conclusion.* A question propounded to a witness as to whether or not he permitted his attention to persons who were getting on a street car to be distracted by any conversation with any of the women getting on the car is objectionable as calling for the opinion and conclusion of the witness.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

592    APPELLATE COURTS OF ILLINOIS.

Hatcher v. Quincy Horse Ry. & Carrying Co., 193 Ill. App. 590.

12. EVIDENCE, § 375*—*when question calls for a conclusion.* A question propounded to a street car conductor as to whether he used all the means within his power to prevent an accident to a person apparently endeavoring to get on a car is objectionable as calling for the conclusion of the witness.

13. EVIDENCE, § 375*—*when question erroneous as calling for a conclusion.* A question asking a street car conductor to state whether there was anything he did not do that might have been done to prevent an accident to a person evidently trying to get on a car is objectionable as calling for the conclusion of the witness.

14. EVIDENCE, § 396*—*when question calls for a conclusion.* A question is objectionable as calling for the conclusion of the witness where a street car conductor is asked whether or not up to a certain time he knew that plaintiff did not intend to remain on the car.

Appeal from the Circuit Court of Adams county; the Hon. AL-
BERT AKERS, Judge, presiding. Heard in this court at the October
term, 1914. Affirmed. Opinion filed April 16, 1915.

JOHN E. WALL, for appellant.

CHARLES J. SCOFIELD and FRANK J. PENICK, for ap-
pellee.

MR. JUSTICE SCHOLFIELD delivered the opinion of the
court.

This is an action of trespass on the case of Marie
Hatcher against the Quincy Horse Railway and Carry-
ing Company to recover damages for injuries received
by her through the alleged negligence of the company.
The case has been tried three times, and this is the sec-
ond time the case has been brought to this court. On
the first trial the jury disagreed. The second trial re-
sulted in a verdict and judgment for plaintiff for
$5,000, which was reversed and remanded by this
court (181 Ill. App. 30). On the last trial the jury
rendered a verdict for the plaintiff of $4,000, on which
judgment was entered, to reverse which judgment the
appellant has appealed to this court. The facts in this

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

case are fully stated in the opinion of this court on the former appeal (181 Ill. App. 30).

It is first argued by appellant that the verdict is against the manifest weight of the evidence. The appellee testified that she got upon the step leading to the platform of the car and that, while she was holding to the hand hold and in the act of raising her foot to the platform, the car was started; that she held on as long as she could, and fell or was thrown from the car and that she never was upon the platform at all. In this she is partly corroborated by the testimony of Earl Farrar, Leona Johnson and Blanche and Dora Blodgett. The conductor testified that appellee was not on the step when the car started, but that she was upon the platform; that she was standing there peering into the car; that the car had been started and was then in motion; and that after the car had gone twenty-five or thirty feet, she attempted to get off, and thus received her injury. The testimony of Dr. Rice, Lyda Thompson, Florence Bower and W. E. Pringle, as to admissions made by appellee after the accident occurred, tend to corroborate the testimony of the conductor. There were but two eyewitnesses to the accident, the conductor and Earl Farrar, a boy of eleven years of age. Their testimony is in direct conflict, as is also that of appellee and the conductor; and while the testimony of the Farrar boy does to some extent conflict with that of appellee, it tends to corroborate her in that she was attempting to get on the car instead of off of it when she received the injury. The evidence is in direct conflict. Two juries have found in favor of appellee. We cannot say that the verdict is against the manifest weight of the evidence.

On the trial of the case the appellee was asked, "You may state whether or not when you stopped at that point it was with the intention of taking the car to your home near Sixth street?" Appellant objected to the question as being leading and suggestive. The

court overruled the objection and the witness, answered, "Yes sir." It is urged by appellant that this was reversible error. We think not. The question was leading and suggestive, but the question was harmless, as the witness had before testified as to her intention. The matter of permitting leading questions to be asked is within the sound discretion of the court. *Peebles v. O'Gara Coal Co.*, 239 Ill. 370.

On the trial appellee was also asked, "Now just before you left and as you were leaving the Balthrope home, for the purpose of going to 12th and Main streets as you have stated, you may state whether or not you said anything as to where you were going to Miss Nellie Balthrope, and if so what did you say to her?" The question was objected to by appellant as being a self-serving declaration and no part of the *res gestae*. The objection was overruled and the witness answered, "I told her I was going up to the corner to take the car to go home." We think the objection was properly overruled. Appellee was in the act of leaving the Balthrope home when she made the statement and left immediately and forthwith went to the corner where she was to take the car. It was a speaking act and made in connection of the act proven, and was perfectly proper. *Neice v. Chicago & A. R. Co.*, 165 Ill. App. 627; *Chicago & E. I. R. Co. v. Chancellor,* 165 Ill. 438.

On redirect examination appellee was asked the following question: "You may state to the jury what it was your son Barclay said to you over the telephone when you were at Miss Balthrope's residence that evening before the accident?" The question was objected to on the ground that it was not proper redirect examination and that it was a self-serving declaration, hearsay, and no part of the *res gestae*. The objection was overruled and the witness answered: "He told me that Mrs. Govert wanted me to go down town with her; for me to go home and she would come down and meet me there." After the witness an-

swered, appellant moved to strike out that portion of the answer in which the witness stated, "for me to go home and she would come down and meet me there." The motion was overruled and exceptions taken. The conversation was called out by appellant on cross-examination and the question and answer were explanations of the inference drawn from the cross-examination; and while the question and answer were improper as being hearsay and not proper redirect examination, the error is not of such harmful nature as should cause a reversal of the judgment.

Objection was also made to the testimony of Dr. Williams. He was asked this question: "After your examination of the plate, I will ask you whether or not, in your opinion, it corroborates your diagnosis of the condition of the plaintiff?" It is argued by appellant that the question was leading and suggestive, but no such objection appears in the record. It was objected to that the witness had not identified the plate and that the question was immaterial and irrelevant. The plate was identified. We think the testimony was improper as stating a conclusion of the witness. The question bore solely on the question of damages, and there is no complaint that the damages are excessive, and the extent of appellee's injuries are not controverted.

On redirect examination of Edgar Englehart by appellant, he was asked: "State to the jury whether or not you permitted your attention to the persons who were getting on that car to be distracted by any conversation with any of the women who were getting on that car?" This was objected to and the objection sustained. The objection was properly sustained. The question called for the opinion and conclusion of the witness.

The next complaint relates to the refusing of the court to permit the conductor to answer the following questions: "State to the jury whether you used all the means within your power to prevent this acci-

dent?" "State to the jury whether there was anything you did not do that might have been done upon that occasion to prevent this accident?" "Up to that time tell the jury whether or not you knew that Mrs. Hatcher did not intend to remain on that car?" Objections were made to these questions and sustained by the court. The questions involved the very matter to be passed on by the jury and also called for the conclusion of the witness. The objections were properly sustained.

It is argued that the court erred in giving certain instructions for appellee and in refusing certain instructions offered by appellant. We have examined the instructions complained of and find no reversible error in either the giving or refusing of instructions. The jury were fully instructed as to the law of the case. Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*